Filed April 15, 1891.

---

No. 71.

## The Lake Erie and Western Railway Company v. Lannert.

RAILROAD.—*Failure to Fence Track.—Adjacent Owner May Fence.—Action for Cost.—Pleading.—Complaint.*—In an action under the act of April 13th, 1885, which provides that railroad companies must fence their rights of way within twelve months after the taking effect of the act, or, in case of roads completed subsequently to its taking effect, within twelve months after their completion, and that upon their failure so to do, the adjacent owner may, after giving thirty days' notice, build the fence and recover for the cost, a complaint which fails to aver that the road had been completed and operated twelve months before the giving of the notice, and that the road was not fenced at the time the notice was given, is demurrable.

From the Hamilton Circuit Court.

*W. E. Hackedorn, R. R. Stephenson* and *W. R. Fertig,* for appellant.

*T. J. Kane, L. O. Clifford* and *T. P. Davis,* for appellee.

NEW, J.—The errors assigned by the appellant, and on account of which it urges a reversal of the judgment below, are :

1. · That the court erred in overruling the demurrer to the complaint.

2. That the court erred in overruling the demurrer to the second paragraph of the reply.

3. That the court erred in overruling appellant's motion for judgment in its favor on the special verdict of the jury.

4. That the court erred in overruling appellant's motion for a new trial.

The appellee brings suit against the appellant to recover for the building of a fence, under the provisions of the act of April 13, 1885.

The appellant contends that the court erred in overruling the demurrer to the complaint, for the reason that it is not averred therein that the road had been completed and operated in this State for as much as twelve months prior to April 18, 1887, the day on which the appellant was notified by the appellee that it was his intention, after the expiration of thirty days from said notification, to build a fence along the east side of the right of way of said railroad where it adjoined the appellee's land.

The demurrer to the complaint should have been sustained.

As to roads already completed, when the act involved in this case took effect, notice of an abutting land-owner to the company of his intention to build the fence will avail nothing, unless twelve months from the date of the taking effect of the act have elapsed without the fence having been built by the company; while, as to roads constructed and completed after the taking effect of said act, twelve months would have to elapse from the date of such construction and completion without the fence being built by the company before an adjoining land-owner could, by authority of the statute, give a valid notice to the company of his intention to build the fence.

The statute does not give to the appellee the privilege of building the fence himself, and to recover the reasonable value of the same from the appellant, unless the road was

The Lake Erie and Western Railway Company *v.* Lannert.

completed twelve months, as already stated, before the giving of the notice, and the company had neglected, or refused, to build the fence during the twelve months.

It is not averred in the complaint when the road was completed, nor is it averred that it was completed and operated twelve months, or more, before the giving of said notice. And taking all the facts, as stated, together, this infirmity of the complaint is not cured.

Nor is it alleged in the complaint that at the time when said notice was served by the appellee upon the appellant the road was not already properly fenced, so far as the lands of the appellee abutted on the land and right of way of the appellant.

It is claimed by counsel for the appellee, in their brief, that if a fence had already been erected by the appellant at the time of the giving of said notice, the burden was on the appellant to make proof of that fact.

We do not concur in this view. It is not analogous to an action against a railroad company under the statute relating to the killing of stock, where the burden of showing that a fence could not properly have been maintained at the *locus in quo* rests on the company.

The right of the appellee to build the fence, and recover from the appellant the reasonable value of the same, could only arise from the failure, or refusal, of the appellant to build it under the conditions and within the time declared by the statute.

For the error in overruling the demurrer to the complaint the judgment must be reversed.

Judgment reversed, and cause remanded for further proceedings.

Filed April 15, 1891.