The Ohio and Mississippi Railway Company

*v.*

The People *ex rel.* John S. Lyman.

*Filed at Springfield September 27, 1887.*

1. Fencing railroads—*erecting a fence within the line of the right of way.*  The statutory requirement that railway companies shall erect a fence on "both sides of the road," is not complied with by constructing a fence several feet within the right of way. The statute contemplates that the fences shall embrace the entire right of way.

2. Same—*remedy to compel the building of the fence at the proper place.* Where a railway company, on notice to build a fence along its right of way by the owner of the land over which the road runs, erects a fence several feet inside its right of way, and refuses to let the land owner join his fences with the same, so as to inclose his land, *mandamus* will lie to compel the company to erect a fence along the line of its right of way.

3. Mandamus—*when there is another remedy.* Under the statute, *mandamus* will lie in all cases, when it affords a proper and sufficient remedy for the enforcement of a legal right or an obvious duty, the performance of which involves no discretion, without regard to whether there may be some other adequate remedy or not.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

The petition in this case is for a *mandamus,* and was exhibited in the name of the People, on the relation of John S. Lyman, against the Ohio and Mississippi Railway Company, to compel respondent to erect a fence on the south line of its right of way, through lands owned by relator, over and upon which its track is constructed. Omitting the formal parts, the following are the principal allegations contained in the petition:

"That the Ohio and Mississippi Railway Company some years since constructed its railway across and over said lands of petitioner, leaving a portion thereof upon the north and

south of its right of way and track; that said railway company has been in operation through the county of Sangamon, and over said land of petitioner, running its trains and engines and cars over its track through the same, for several years past; that it has not constructed fences upon the sides of its road, through petitioner's land, as required by law; that petitioner has never waived or compromised the building of the same by said road, but, on the contrary, several weeks since served upon said railroad company, notice in writing to build and maintain a fence upon the south side of its road, where the same goes through said petitioner's farm, within thirty days from the service of said notice; that said time has long since elapsed, and said railway company has failed to comply therewith, but has neglected and refused to erect a fence upon the south side of its road, where the same crosses petitioner's said land; but on the contrary, petitioner states to the court that said railway company, about the time said notice expired, and just when it had the material upon the ground and workmen ready to erect said fence, and in order to vex and annoy and injure said petitioner, and to evade the law with reference to its duty in the premises, demanded of petitioner that he should help pay the expenses of erecting said fence upon the side of its said road. And petitioner further states, that upon his refusal to do so, said railway company threatened, and did erect said fence ten (10) feet north of the south side of its said road, and that distance within the south line of its right of way. And petitioner further states, that said railroad company has completed said fence within the side of its road, as aforesaid, and since doing the same has cut away and removed its hedge and fence at the ends of petitioner's said tract of land, where said road enters and goes out at the same, and between said fence which it has so erected, as aforesaid, and petitioner's land, thereby exposing petitioner's said land to the trespassing of stock from the highway at one end, and the egress of petitioner's stock

upon said highway, and also exposing petitioner's stock to said company's track at the other end of said fence, and has forbidden petitioner from enclosing his said land upon said new fence erected by said railroad company, and forbidden his entering upon their ten feet right of way thrown out by them, as aforesaid, for the purpose of enclosing upon their said new fence. Petitioner further avers, that by an act of the legislature of Illinois, in relation to fencing and operating railroads, approved March 1, 1874, in force July 1, 1874, it became and was the duty of said railway company, after the service of notice, as aforesaid, by petitioner, to build said fence upon the side of its said road, to have built the same upon the line between said railway company's right of way and petitioner's said land, so that petitioner might have joined his fence thereto, and enclosed his said land thereon. And petitioner avers it is still the duty of said railway company to build and maintain a fence upon said line, such as required by said act, and by said notice from petitioner,—wherefore petitioner asks the aid of the court in the premises, and to that end makes said railway company defendant."

Respondent filed a general demurrer to the petition, and assigned the following grounds of demurrer: First, that the said petition does not state facts sufficient to authorize the issuing of the writ of *mandamus,* as prayed for; second, that the right sought to be enforced is created by statute, and the statute provides an adequate remedy, which is exclusive. The demurrer was overruled, and on respondent electing to stand by its demurrer, the court rendered judgment, awarding a peremptory *mandamus* to issue, as prayed for in the petition. That judgment was afterwards affirmed in the Appellate Court for the Third District, and respondent asked for and was allowed an appeal to the Supreme Court, which it afterwards perfected by giving the usual bond.

Messrs. Pollard & Werner, and Messrs. Matheny & Matheny, for the appellant:

*Mandamus* is not a writ of right, and its propriety must be clear and indubitable. *Supervisors* v. *People*, 110 Ill. 577; *People* v. *Johnson*, 100 id. 537; *Comrs. of Highways* v. *People*, 99 id. 587; *People* v. *Davis*, 93 id. 133; *People* v. *Village of Crotty*, id. 133; *People* v. *Ketchum*, 72 id. 212; *St. Clair County* v. *People*, 85 id. 396.

The statute gives a remedy which is exclusive. Rev. Stat. chap. 114, sec. 66; Sedgwick on Stat. and Const. Law, (ed. of 1857,) secs. 93, 94; *Parish of St. Pancras* v. *Batterbury*, 2 Com. Bench, (N. S.) 477; *Gedney* v. *Inhabitants of Tewksbury*, 3 Mass. 307; *Smith* v. *Drew*, 5 id. 516; *Glass Co.* v. *White*, 14 id. 286; *Turnpike Co.* v. *Gould*, 6 id. 44; *City of Boston* v. *Shaw*, 1 Metc. 130; *Crosby* v. *Bennett*, 7 id. 17; *The Headlight*, Chase's Dec. 150; *Bangor House* v. *Hinckley*, 3 Fairf. 388; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Stafford* v. *Ingersoll*, 3 Hill, 38; *Almy* v. *Harris*, 5 Johns. 175; *Renwick* v. *Harris*, 7 Hill, 575; *Green* v. *Bailey*, 3 N. H. 33; *Bassett* v. *Carleton*, 32 Me. 553; *Smith* v. *Lockwood*, 13 Barb. 209; *First National Bank* v. *Lamb*, 57 id. 429; *Cole* v. *City of Muscatine*, 14 Iowa, 296; *Moore* v. *White*, 45 Mo. 206; *Confrey* v. *Stark*, 73 Ill. 187.

The fence is not required for the benefit of the land owner, but for the protection of stock and to avoid danger to the lives of passengers. The constitutionality of the statutes requiring fencing of roads is upheld only as police regulations, designed for the protection of the lives and property of the traveling public. *Railroad Co.* v. *McClelland*, 25 Ill. 140; *Railroad Co.* v. *Crawford*, id. 529; *Railway Co.* v. *Duggan*, 109 id. 537; *Railway Co.* v. *Haus*, 111 id. 114; *Gorham* v. *Railroad Co.* 26 Mo. 441; *Clark* v. *Railroad Co.* 35 id. 203; *Railroad Co.* v. *Tilton*, 12 Ind. 3; *Railroad Co.* v. *Maiden*, id. 10; *Railroad Co.* v. *Parker*, 29 id. 471; *Railroad Co.* v. *Mower*, 16 Kan. 573; *Blair* v. *Railroad Co.* 20 Wis. 254; *Nelson* v. *Railroad*

*Co.* 20 Vt. 717; *Gilmore* v. *Railroad Co.* 60 Me. 23; *Blair* v. *Railroad Co.* 20 Wis. 254; Wharton on Negligence, sec. 881.

In several cases the courts have refused to treat (as might be expected, from the foregoing decisions,) these statutory railroad fences as partition fences. *Railroad Co.* v. *Crossley*, 36 Ind. 370; *Corwin* v. *Railroad Co.* 13 N. Y. 53; *Railroad Co.* v. *McComachie*, 3 Edw. Ch. 486.

Messrs. CONNOLLY & MATHER, for the appellee:

The statute requiring railway companies to fence the sides of their roads is construed to mean on the dividing line between the right of way and the adjoining land. *Railway Co.* v. *Zeigler*, 108 Ill. 305.

The adjoining proprietors have an interest in the fencing of the right of way. *Rutledge* v. *Railroad Co.* 78 Mo. 290; *Berry* v. *Railroad Co.* 65 id. 175; *Morse* v. *Railroad Co.* 27 Vt. 23; *Chapin* v. *Railroad Co.* 39 N. H. 53; *Rickets* v. *Railway Co.* 12 Eng. L. and Eq. 520; *Brooks* v. *Railroad Co.* 13 Barb. 594; *Stanley* v. *Railroad Co.* 84 Mo. 631; *Railway Co.* v. *Duggan*, 109 Ill. 540; *Eames* v. *Railroad Co.* 98 Mass. 560; *Trice* v. *Railroad Co.* 49 Mo. 438.

The writ of *mandamus* will not be denied because the petitioner may have another specific legal remedy, where such writ will afford a proper and sufficient remedy. Starr & Curtis' Stat. chap. 87, sec. 9; *People* v. *Village of Crotty*, 93 Ill. 180; *Lower* v. *United States*, 91 U. S. 536; *East St. Louis* v. *Millard*, 14 Bradw. 483.

The duty to build or maintain fences, when imposed by statute, may be enforced, by *mandamus* or otherwise. *Jones* v. *Seligman*, 81 N. Y. 191; Pierce on Railroads, 409; *People* v. *Railroad Co.* 14 Hun, 371; 76 N. Y. 294; *Waderman* v. *Railroad Co.* 51 id. 568.

*Mandamus* lies to enforce a legal duty against private corporations, such as railroads, on the relation of private persons. *Railroad Co.* v. *People*, 56 Ill. 384.

Mr. Justice Scott delivered the opinion of the Court:

Section 1 of the act of the General Assembly in relation to "fencing and operating railroads," in force July 1, 1874, provides "that every railroad corporation shall, within six months after any part of its line is open for use, erect, and thereafter maintain, fences on both *sides of its road*, or so much thereof as is open for use, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on such railroad, etc., with gates or bars at the farm crossings of such railroad, *which farm crossings* shall be constructed by such corporation, when and where the same may become necessary for the use of the proprietors of the lands adjoining such railroad."

Two questions are made on this record: First, whether, under the provisions of the statute cited, it is the duty of the railroad company to construct a line of fence on the south line of its right of way, where the same passes over and through the lands owned by the relator; and second, can respondent be compelled to perform its statutory duty in that regard, by *mandamus*. These questions will be considered briefly in the order stated.

It is not denied by the respondent the statute imposes the duty to erect and maintain a fence on both sides of its road, suitable and sufficient to prevent stock from getting upon its railroad. Indeed, that duty was expressly recognized in this case, for when the company was notified by the relator to build a fence on the south line of its road, where the same passes over and through his lands, it did construct a fence on its right of way ten feet north of the south line of its right of way. The question now is, whether a railroad company, in complying with the statute in question, may build a fence required thereby, anywhere on its right of way except on the line between its right of way and the adjoining owner's land, or, what is the same thing, is the fence now constructed, after

notice given, ten feet within and upon its right of way, and that distance from the adjoining owner's land, a compliance with the provisions of the statute in regard to fencing railroads? It is thought it is not. The statute is so plain in this regard, it seems idle to attempt to construe it. It makes it the duty of the company to erect a fence on "both sides of the road,"— that is, so as to embrace the right of way; and so this court has held in *Wabash, St. Louis and Pacific Railway Co.* v. *Zeigler*, 108 Ill. 304. In that case it was decided a fence built two feet inside of the right of way was not constructed in conformity with the statute. The suggestion the "sides of its road" may mean the mere "track" upon which trains are moved, is too absurd to be seriously considered.

The second point presents some difficulty, and is not altogether free from doubt. The insistence is, as the statute which imposes the duty upon a railway company to erect fences on the "sides of its road," gives the adjoining land owner the privilege, on the failure of the company, after notice, to construct the fence himself, and recover double its value, with interest, that the remedy so provided is exclusive. It is doubtful whether the adjoining land owner, under the facts in this case, as they appear on demurrer to the petition, would have the right or privilege to construct a fence on the south line of respondent's right of way. It is seen the company, in compliance with the notice given, did construct a fence on its right of way. The complaint is not that the company did not erect a fence when notified to do so, but that it did not erect it on the south side of its right of way, as it was its duty to do. The statute does not contemplate there may be two fences erected on the right of way on the same side of the track. That would render it difficult, if not impracticable, for the adjoining land owner to have the privilege of a farm crossing the statute declares he may have, and which is necessary in this case, as the relator's land lies on both sides of the right of way. The remedy given the land owner to erect

a fence, and recover for it under the statute, does not seem to be applicable, and it would seem the only remedy left the land owner, under the facts of this case, is to compel the company to perform the duty it has undertaken, in compliance with the provisions of the statute. That can only be done by *mandamus*, and such is an appropriate remedy. Had the company refused to erect a fence after notice, then, and not till then, the contingency would have arisen in which the land owner might have erected the fence and recovered the statutory penalty. But that it did not do, and it would seem to follow, the most complete, if not the only, remedy, the land owner would have, would be to compel respondent, by *mandamus*, to erect the fence required by the statute, in the manner it contemplates shall be done, viz., on the south line of its right of way. Placing the fence where it is according to the allegations of the petition, which, of course, the demurrer admits to be true, is mere captious conduct to avoid a plain and obvious statutory duty, which the law will not tolerate. To permit such conduct would be to allow the corporation, by a mere trick, to defeat the statutory rights of the adjoining land owner. Corporations, like individuals, ought to observe good neighborship, and if they will not voluntarily square their conduct to such a rule, they should be compelled to do so.

But there is another view that may be taken. Section 9 of the "Act to revise the law in relation to *mandamus*," (Rev. Stat. 1874,) provides: "The writ of *mandamus* shall not be denied because the petitioner may have another specific legal remedy, when such writ will afford a proper and sufficient remedy." Under this statute, it has been held by this court, and the Supreme Court of the United States, the inquiry whether there may be another or even a better mode of redress than one asked for, does not arise, and so the rule is now well settled that *mandamus* will lie in all cases where it affords a proper and sufficient remedy for the enforcement of a legal right or an obvious duty, the performance of which involves the exercise

·of no discretion, without regard to whether there may be some
·other adequate remedy or not. (*People* v. *Village of Crotty*, 93
Ill. 180; *Lower* v. *United States*, 91 U. S. 536.) Here, it was
the plain duty of respondent, when it undertook to build the
fence in compliance with the statute, after notice, to build on
the line between its right of way and the land of relator. In
no other way could it comply with the statute, and *mandamus*
is an appropriate remedy to compel the performance of the
legal duty in that respect.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*