No. 722.

## MIDLAND RAILWAY COMPANY *v.* GASCHO ET AL.

RAILROAD.—*Action Against for Cost of Constructing Fence.—Sufficiency of Complaint.—Notice.—Negativing Proviso.—As to Time.*—In an action against a railroad company for cost of constructing a fence along its right of way over plaintiff's land, the railroad company having failed to construct the fence as required by statute, the complaint was sufficient in its allegation as to notice given, which alleges "that they (plaintiffs) gave written notice to the railroad company, which was duly served by the sheriff of the county;" and in such complaint it is not necessary to negative the proviso which relieves the company where the land is uninclosed; and in such complaint the allegation that the road was not fenced when the act of 1885 was passed, and that after its passage appellant failed to fence it, is sufficient to show that the road was not fenced at the time of giving the notice; and the allegation that the defendant had owned and operated its line of road through said county for several years past, shows sufficiently the completion of the road for more than twelve months prior to serving the notice.

SAME.—*Fence.—Statute Construed.—Statutory Construction.*—Sections 1077 and 1078, Elliott's Supp., concerning the fencing of railroads, are remedial in their nature, and are entitled to a liberal construction in favor of the accomplishment of the object sought.

From the Hamilton Circuit Court.

*W. R. Crawford*, for appellant.

*G. Shirts, I. A. Kilbourne* and *A. F. Shirts*, for appellees.

GAVIN, C. J.—This was an action brought by appellees to recover the expense of building a fence along appellant's road, which ran through their land.

The only question presented is, that the court erred in overruling the demurrer to the complaint.

The complaint was filed July 15th, 1891, and alleges that the appellant, a duly organized corporation, had for several years last past owned and operated its line of railroad through the county of Hamilton in said State,

and owned and operated it at the time of the commencement of the action; that the appellees were, and for many years had been, the owners in fee-simple of certain tillable lands in said Hamilton county, describing them; that said railroad track was laid out across and over and upon said land; that said company's road had been built thereon, and was then being operated by said company; that the right of way over and upon said land had not been fenced when the act approved April 13th, 1885, was passed, and that after the passage of said act said railroad company failed and refused to fence said right of way; that on the 23d of September, 1890, the appellees gave notice to said railroad company in writing of their intention to enter upon said lands for the purpose of fencing the same, which notice was duly served by the sheriff of said county.

It is further alleged that appellees afterwards built a proper fence and duly served a sworn and itemized statement of the expense thereof upon appellant's agent, and demanded payment thereof more than sixty days prior to the commencement of the suit, and that payment had been refused, etc.

The complaint is based upon the act of 1885, of which section 1, being section 1077, Elliott's Supp., provides: "That any railroad corporation, lessee, or assignee, or receiver, or other person or corporation running, controlling or operating, or that may hereafter construct, build, run, control or operate any railroad into or through this State, shall, within twelve months from the day of taking effect of this act, as to those already completed, and within twelve months from the date of the construction and completion of any part of a line of road hereafter constructed, erect, build, construct and thereafter maintain fences, which may be constructed of barbed wire, on both sides of such railroad throughout

Midland Railway Company *v.* Gascho *et al.*

the entire length, completed within the State of Indiana, sufficient, etc.  *  *  *. *Provided, however,* That such railroad corporation or other person operating the same shall not be required to fence such railroad track through unimproved and uninclosed lands, and the provision of this act shall not apply to such parts and portions of any such railroad which runs through unimproved and uninclosed lands, but when such lands become improved and inclosed on three sides the same shall apply, and such railroad corporation or the person operating the same shall be required to fence the same under the provisions of this act within six months from the date of such inclosure.''

The following section, 1078, provides that if the company fails to fence, as required above, the land-owner shall have the right (after giving thirty days' notice, in writing, of his intention so to do, to be served upon the nearest freight receiving and shipping agent employed by the company, or person controlling and operating said railroad) to enter on the right of way and build the fence. After proper demand and refusal by the company to pay, the landowner may sue the company, as has been done here.

The several objections to the complaint urged by appellant will be considered in their order of presentment.

This statute is not to be regarded as penal, but as remedial, in its nature, and is therefore entitled to a liberal construction in favor of the accomplishment of the object sought—the fencing of the right of way, and the protection thereby of both the farmers and the traveling public. Such a construction, however, by no means dispenses with, but requires, a substantial compliance with the statute.

It is objected that the complaint does not show a notice given to the nearest agent of the company. The allega-

tion is that they gave written notice to the railroad company, which was duly served by the sheriff of the county. This allegation we deem sufficient on demurrer. If appellants desired that it be made more definite and particular, their remedy was by a motion to make more specific.

The action is not founded upon the notice any more than an action for possession of realty, by a landlord, is founded upon the notice to vacate. The notice was, therefore, neither a necessary nor a proper exhibit to the complaint. Although the notice is copied in the record, it does not even purport to be a part of the complaint.

The question urged by counsel, that the return to the notice shows a service by reading merely, which, as he urges, would not be serving a written notice, is not presented. We are required to consider the complaint only, and this alleges that appellees did give a written notice.

It was unnecessary for appellees, in their complaint, to negative the proviso which relieves the company where the land is uninclosed. By the first part of the statute, the right to require a fence is given generally and absolutely. By the subsequent clause, a proviso is added for the benefit of the company. It is for the company, as matter of defense, to bring itself within this proviso.

In section 202, Bliss on Code Pleading, this rule is laid down: "So, in an action upon a penal statute, if the proviso be in a separate section or a substantive clause, it is matter of defense, and should be left to the other party." * * * "But when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause, and leave it to his adversary to show the proviso." This principle is sustained by *Hewitt* v. *State*, 121 Ind. 245; *State* v. *Maddox*, 74 Ind. 105.

The case of *Lake Erie, etc., R. W. Co.* v. *Lannert,* 1 Ind. App. 102, does not touch upon this proposition.

The allegation that the road was not fenced when the act of 1885 was passed, and that after its passage appellant failed to fence it, is sufficient to show that the road was not fenced at the time of giving the notice.

The averment that appellant had owned and operated its line of railroad through the county of Hamilton for several years past, shows sufficiently the completion of the road for more than twelve months prior to serving the notice.

Counsel for appellant insists strenuously on a strict and technical construction of this complaint.

Our statutes, however, section 376, R. S. 1881, contain this provision: "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

Keeping this object in view, we have examined all the objections to the complaint presented by counsel and do not find it subject to any of them.

Judgment affirmed.

DAVIS, J., did not participate in this decision.

Filed June 23, 1893.