No 1,631.

## CHICAGO AND SOUTH-EASTERN RAILWAY COMPANY *v.* WOODARD.

JUSTICE OF THE PEACE. — *Complaint, Sufficiency Of.*—A complaint, in an action before a justice of the peace, is sufficient if it contain sufficient substance to apprise the defendant of the nature of the demand, and is such that a judgment thereon will bar another action for the same claim.

RAILROAD.—*Notice of Constructing Fence Along Right of Way.— Sufficiency of Evidence.*—That the evidence sufficiently supports the finding of notice, in an action against a railroad company, by a land-owner, for the cost of constructing a fence along the right of way of defendant, see opinion.

SAME.—*Sufficiency of Evidence.—Itemized Statement of Cost of Work.*—That the evidence supports the finding that the plaintiff served a copy of an itemized statement of the cost of the work, duly verified, upon the company's agent at the nearest shipping station, see opinion.

From the Clinton Circuit Court.

*W. R. Crawford, U. C. Stover, S. O. Bayless* and *C. G. Guenther*, for appellant.

*A. J. Shelby*, for appellee.

REINHARD, C. J.—This action was commenced before a justice of the peace. The appellee sues to recover of the appellant $113.50 and $25.00 attorney's fee, for constructing a fence along the appellant's right-of-way, where it abuts on the appellee's land. R. S. 1894, section 5324 (Elliott's Supp., sectoin 1078; Acts 1885, p. 224, section 2). The cause was appealed to the Boone Circuit Court where the venue was changed to the court below. In the trial court the appellant demurred to the complaint which demurrer was overruled and the appellant excepted. This ruling is assigned as error.

A complaint in an action before a justice of the peace is sufficient, if it contain sufficient substance to apprise the defendant of the nature of the demand, and is such that a judgment thereon will bar another action for the same claim. *Milhollin* v. *Fuller*, 1 Ind. App. 58; *Watson* v. *Conwell*, 3 Ind. App. 518; *Clifford* v. *Meyer*, 6 Ind. App. 633. We have examined the complaint and think when it is tested by the rule above stated, it fully answers the necessary requirements. The court did not err in overruling the demurrer.

The only remaining error relied upon is the overruling of the motion for a new trial. It is urged that the evidence is insufficient to support the special finding in several particulars. The statute requires that thirty days' notice in writing of the intention to construct the fence on the part of the land-owner, shall be served on the nearest freight-receiving and shipping agent employed by the company. The court found that this had been done. There was evidence tending to prove this fact. The appellee testified that he served the notice introduced in evidence on the agent more than thirty days before he proceeded to build the fence. On cross-examination he testified in substance that he did not remember the name of the agent he served the notice

upon at Lebanon, but that he claimed to be the company's agent at Lebanon.    There was no testimony for the company whatever.    If the latter, or its agent at Lebanon, never received any notice such as the appellee testified he served upon him, or if he was not the nearest agent, the appellant should have made proof of this fact or shown some excuse for not doing so.    There being some evidence of notice on the agent, and this evidence being entirely unexplained or uncontradicted, we think the court had the undoubted right to draw the inference that the notice was served as claimed.    It is also contended that the finding that the appellee served a copy of an itemized statement of the cost of the work duly verified, upon the company's agent at the nearest shipping station, is without support from any evidence in the case.    The appellee identified the bill of particulars introduced in evidence and testified that he served such a notice "on the company."    He also stated upon cross-examination that the agent's name was Ulin.    We think this was *prima facie* sufficient proof of the service of the itemized statement.    If the company never had such service, or if the proper agent was not served, the appellant should have proved such failure to make proper service.    We think there was sufficient evidence to authorize a recovery.    The statute being remedial in its nature is entitled to a liberal construction.    *Midland R. W. Co.* v. *Gascho*, 7 Ind. App. 407.

Judgment affirmed.

Filed October 11, 1895.