## CHICAGO AND SOUTH EASTERN RAILWAY COMPANY v. WOOD, ADMINISTRATOR.

[No. 4,303.   Filed March 31, 1903.]

RAILROADS.—*Right of Way Fence.*—*Construction by Abutting Landowner.* —Where a railroad company refuses to build a right of way fence, and, pursuant to §§5323, 5324 Burns 1901, the abutting landowner constructs the same, the fence should be constructed as near as practicable to the line between the right of way and abutting owner.  *p. 651.*

SAME.—*Deed for Right of Way.*—*License to Cultivate.*—*Adverse Possession.* —*Fence.*—*Abandonment.*—A deed conveyed a strip of land to a railroad company for a right of way describing the same as "forty feet" in width from the center line" of the road, "measured on the north of said railroad," the grantor reserving a license to cultivate the outside twenty feet thereof.  *Held,* that, in the absence of a showing to the contrary, possession of the twenty-foot strip by the grantor would be presumed to be under the deed, and could not ripen into title by adverse possession; and that the fact that the railroad company erected a fence excluding the twenty feet did not constitute an abandonment of the strip. *pp. 651–653.*

From Tipton Circuit Court;  *W. W. Mount,* Judge.

Action by Augustus C. Wood, administrator of the estate of Ann E. Vert, against the Chicago & South

Eastern Railway Company.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

W. R. Crawford, U. C. Stover and W. H. Najdowski, for appellant.

J. A. Roberts and Meade Vestal, for appellee.  ˙

Robinson, J.—Suit by appellee to recover the cost of a fence erected under the provisions of §5324 Burns 1901. The complaint is sufficient, having been amended to comply with the opinion rendered upon the former appeal. *Chicago, etc., R. Co.* v. *Vert,* 24 Ind. App. 78. The only question argued is the sufficiency of the evidence to sustain the verdict in appellee's favor.   The suit was brought by the abutting landowner, Ann E. Vert, and upon her death appellee, as administrator, was substituted.

Construing §§5323, 5324 Burns 1901, together, the abutting landowner, in order to charge the road for its cost, must construct the fence on the side of the railroad.   This necessarily means that the fence should be built upon the margin, edge, or border of the right of way of the railroad.   It should be placed as near as practicable to the line between the right of way and the abutting owner.   The right given is statutory, and that the landowner may recover he must substantially comply with the statute.   *People, ex rel.,* v. *Ohio, etc., R. Co.,* 21 Ill. App. 1; *Ohio, etc., R. Co.* v. *People, ex rel.,* 121 Ill. 483; *Wabash, etc., R. Co.* v. *Zeigler,* 108 Ill. 304.

The fence was built twenty-one feet from the center of the railroad track.   It is claimed by appellant that the right of way where the fence was erected extended forty feet from the center of the track; and as it appears that it was built twenty-one feet from the center it was not on the side of the railroad, as required by the statute.   The greater portion of the right of way in question was conveyed to the predecessors and grantors of appellant by appellee's decedent, and the deed, made in 1874, conveyed "the right

of way on the north half" of certain described land, "forty feet in width from the center line" of the road "measured on the north of said railroad;" the grantor "to have the privilege of fencing within twenty feet of the center line of said railroad, after said railroad is finished, for the purpose of cultivation." This suit was first brought in 1895. The deed conveyed from appellee's decedent to the railroad company a strip forty feet wide, and vested all the grantor's title in this strip in the grantee. The deed gives the grantor the privilege to erect a fence within twenty feet of the center of the track. The company had title to the whole forty feet; the grantor simply retaining the privilege to erect a fence within twenty feet of the track, and occupy the outside twenty feet for the purpose of cultivation. If the deed conveyed a strip only twenty feet wide from the track, there is no meaning in the provision reserving to the grantor the privilege of cultivating the outside twenty feet. See Branson v. Studabaker, 133 Ind. 147. When the first fence was erected there was no statutory requirement that railroads should fence their rights of way. If the title to the outside twenty feet passed by the deed, which it did, appellee can claim that the boundary line is twenty feet from the track only by showing that since the making of the deed the title to this outside twenty feet in some way vested in appellee. It is claimed that this is shown by continuous, uninterrupted, and adverse possession of this strip for twenty years. The deed having conveyed the forty feet, the clause giving the grantor the right to occupy the outside twenty feet for cultivation was in effect a license to go upon the land and cultivate it. In the absence of some showing to the contrary, it must be presumed that the grantor went upon the land by virtue of this clause in the deed. The exercise of this privilege, which was in the nature of an agreement, could not ripen into a title. Under such circumstances appellee's decedent would not be occupying the premises upon a claim of owner-

ship in herself.   The mere fact that the company erected a fence on this line soon after the making of the deed does not necessarily show an intention on its part to abandon the remaining twenty feet outside the fence.

Mere proof of nonuser is not sufficient to show an intention of abandonment.   See *Hennessy* v. *Murdock,* 137 N. Y. 317; *Hayford* v. *Spokesfield,* 100 Mass. 491.   There is no evidence in the record to overcome the presumption that the first fence was built and possession of the strip retained by virtue of this clause in the deed.   As there is no ambiguity in the deed, what the grantor or grantee understood by its terms, or in what manner they subsequently treated it, has no bearing on its construction.   *Wilkins* v. *Young,* 144 Ind. 1, 55 Am. St. 162.

In *Worthley* v. *Burbanks,* 146 Ind. 534, it is held that ordinarily adverse possession must be shown to be hostile and under a claim of right, actual, open, notorious, exclusive, and continuous.   It is true that constructive possession is sufficient under certain circumstances, but "without color of title there could be no constructive possession, nor any ripening of title into ownership."   *Silver Creek, etc., Corp.* v. *Union Lime, etc., Co.,* 138 Ind. 297.

We have carefully considered all the evidence given in the case, and must conclude that it is not sufficient to show that appellee's decedent acquired title to the twenty feet by twenty years' adverse possession.   Not only is the evidence unsatisfactory as to the location of the line up to which possession is claimed to have been held, but there is no evidence to show that possession by appellee's decedent was not retained and held by her under the clause in the deed.

The motion for a new trial should have been sustained. Judgment reversed.