## Evansville & Indianapolis Railroad Company v. Huffman.

[No. 4,466.   Filed February 17, 1904.]

RAILROADS.—*Fences.—Notice.— Pleading.* — The notice required by §5324 Burns 1901 to be given a railroad company by an abutting landowner of his intention to construct a fence along the right of way is not the foundation of an action against the railroad company to recover for the construction of the fence, and can not be made part of the complaint by exhibit.  *pp. 426, 427.*

SAME.— *Fences.— Construction by Landowner.—Recovery. — Complaint.—* A complaint by an abutting landowner against a railroad company to recover the cost of constructing a fence along the railroad, under §5324 Burns 1901, which does not aver that the fence was built upon the side of defendant's railroad or right of way, nor give any excuse for not doing so, is insufficient against demurrer.  *p. 427.*

SAME.—*Fences.—Construction by Landowner.—Recovery.—Complaint.—*A complaint by a landowner against a railroad company to recover, under §5324 Burns 1901, for the construction of a fence along the right of way which fails to show that the itemized statement therein required was presented, is insufficient.  *p. 427.*

From Clay Circuit Court; *P. O. Colliver*, Judge.

Action by Faustimus Huffman against the Evansville & Indianapolis Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*D. P. Williams, J. G. Williams* and *G. A. Knight*, for appellant.

*G. S. Payne*, for appellee.

Roby, J.—Suit by appellee to recover for fencing part of appellant's right of way. A demurrer to the complaint was overruled, and the correctness of such ruling is duly presented.

By the statute upon which appellee's right rests, it is made the duty of railroad companies to build fences "on both sides of such railroad throughout the entire length," etc. §5323 Burns 1901.

The following section authorizes the abutting landowner, under certain specified conditions, to enter upon the railroad right of way and build such fences so far as his own land abuts upon the right of way of the railroad, and "when he has completed the same he may present for payment to the agent of such corporation, * * * an itemized statement verified by the affidavit of such person or his agent, of the expenses thereof * * *." §5324 Burns 1901. The Illinois courts hold, under a statute similar in this regard to ours, that the duty of the company is not discharged by the erection of a fence ten feet inside the right of way line. *Ohio, etc., R. Co.* v. *People, ex rel.,* 121 Ill. 483-488, 13 N. E. 236. And it was held in that state that the company may not encroach upon the lands of the abutter; that it must build its fence upon its own right of way. *Wabash, etc., R. Co.* v. *Zeigler,* 108 Ill. 304. The Illinois statute considered in these cases was penal, and therefore strictly construed. The Indiana statute is remedial, and therefore liberally construed in favor of the accomplishment of the object sought. *Midland R. Co.* v. *Gascho,* 7 Ind. App. 407; *Chicago, etc., R. Co.* v. *Woodard,* 13 Ind. App. 296; *Chicago, etc., R. Co.* v. *Vert,* 24 Ind. App. 78.

The complaint contains no averment that the fence was built upon the side of appellant's railroad or right of way, nor is any excuse given for not so doing. It is averred that notice was given by appellee to appellant on February 8, 1897, of his intention to enter upon its right of way

"where the same passes over and through the lands, afore-described, of plaintiff." The notice is attempted to be made a part of the complaint by exhibit, but not being the foundation of the action such attempt was ineffective. *Midland R. Co.* v. *Gascho, supra; Chicago, etc., R. Co.,* v. *Vert, supra.*

The language of the statute must be taken as it is—"on both sides of such railway track." The side of the railroad means to the abutting landowner exactly what it does to the railroad company. Where it is bound to build the fence, he may, other conditions justifying, build it. If on account of the condition of the ground it is impossible to put the fence at the extreme limit of the right of way, the company would not thereby be released from the duty to fence, nor would it be required to do that which is impossible. The landowner building for it might therefore find a condition justifying him in building otherwise than on the last inch of right of way, but no facts showing any such situation are set up in this complaint, and the demurrer to it should have been sustained. It is not a good complaint for a different reason. The statute authorizes the presentation for payment of an itemized statement of expenses "when he has completed the same." The averment made as to the completion of the fence is as follows: "That plaintiff on the ———— day of 1898 entered on defendant's right of way and built a good and lawful fence * * * and completed the same on the ———— day of ———— month of 18—." The omitted dates are essential to the appellee's cause of action. *First Nat. Bank* v. *Deitch,* 83 Ind. 131.

Other questions argued will not likely arise again, and are therefore not decided.

Judgment reversed, and cause remanded, with instructions to sustain demurrer to complaint, and for further proceedings.