VANDALIA RAILROAD COMPANY v. STEPHENS.

[No. 5,869.   Filed October 30, 1906.]

1. PLEADING. — Complaint.—Fences.—Railroads.—"Account."—A complaint against a railroad company for the recovery of the reasonable value of a fence built by a landowner along a railroad right of way, as provided by §5324 Burns 1901, Acts 1885, p. 224, §2, does not need to set out an itemized statement of the cost of such fence, since such action is not founded upon an "account" within the meaning of §365 Burns 1901, §362 R. S. 1881, providing that the original or a copy of an account must be set out in a complaint thereon.   p. 12.

2. RAILROADS.—Fences.—Building of, by Landowners.—Recovery. —Contracts.—An action by a landowner for the value of a fence erected by him by virtue of §5324 Burns 1901, Acts 1885, p. 224, §2, is not founded upon a contract, express or implied, but upon the breach of a statutory duty.   p. 13.

3. WORDS AND PHRASES.—"Account."—An "account" imports that one is indebted to another for money or other thing of value, either because of a contract or of some fiduciary relationship created by law or otherwise.   p. 13.

4. SAME.—"Claim."—A "claim" imports a demand of some matter as of right made by one person upon another, to do or forbear to do some act or thing as a matter of duty.   p. 13.

5. RAILROADS.—Fences.—Building of, by Landowners.—Recovery for.—Account.—The "account" furnished to a railroad company by the landowner building a fence along its right of way under §5324 Burns 1901, Acts 1885, p. 224, §2, is for the purpose of notifying such company of the cost of such fence and of enabling it to investigate the correctness of such landowner's claim.   p. 13.

6. SAME. — Fences. — Location of.—Building by Landowners.— Statutes.—Sections 5323, 5324 Burns 1901, Acts 1885, p. 224, §§1, 2, providing for the building of fences by landowners along the railroad companies' rights of way in case they fail to do so, requires that such fences be built upon the edge of such rights of way, as near as practicable.   p. 14.

7. PLEADING.—Complaint.—Railroads.—Fences.—Recovery for.— Landowners.—A complaint by an abutter for building a fence along a railroad right of way under §5324 Burns 1901, Acts 1885, p. 224, §2, showing that plaintiff built such fence along the line dividing his land from said right of way, sufficiently shows that such fence was properly located.   p. 14.

8.   RAILROADS.—*Fences.—Location.—Ownership.*—A fence built along a railroad right of way by an abutter, under §5324 Burns 1901, Acts 1885, p. 224, §2, which is exactly on the dividing line, the posts extending half on one side and half on the other, belongs to such company.   p. 15.

9.   TRIAL. — *Evidence.—Attorneys' Fees.—Railroads.—Fences.*— Where it appears, in an action for the recovery of the value of a fence built by an abutter to a railroad right of way, under §5324 Burns 1901, Acts 1885, p. 224, §2, that the plaintiff brought suit and that his papers were signed by an attorney who represented him in court, it is sufficiently shown that plaintiff had an attorney and was entitled to recover attorney's fees. *Terre Haute, etc., R. Co.* v. *Salisbury,* 38 Ind. App. 100, followed.   p. 15.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by Stephen T. Stephens against the Vandalia Railroad Company.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*Thomas & Foley, Guenther & Clark* and *John G. Williams,* for appellant.

*Joseph Combs,* for appellee.

ROBINSON, C. J.—Appellee recovered a judgment for the cost of erecting a fence along appellant's right of way. Overruling a demurrer to each of the two paragraphs of amended complaint and overruling appellant's motion for a new trial are assigned as errors.

The sufficiency of each paragraph of the complaint is questioned on the ground that no copy of the verified, itemized statement of the expenses of building the fence is filed with either paragraph.   While the statute says that if the company neglects or refuses for sixty days "to pay said account" the landowner may bring suit and recover the reasonable value of such fence (§5324 Burns 1901, Acts 1885, p. 224, §2), yet this itemized statement is not an account within the meaning of §365 Burns 1901, §362 R. S. 1881, providing that when a pleading is founded on an account the original or a copy

must be filed with the pleading. The action is not based upon any demand arising out of any contract or other relation between appellee and appellant. The action is based primarily upon appellant's failure to perform a statutory duty. Appellee sues upon a claim he has against the company, and not upon an account which he has with the company.

"The primary idea of account, *computatio,*" said Chief Justice Shaw in *Whitwell* v. *Willard* (1840), 1 Metc. 216, "whether we look to the proceedings of courts of law or equity, is some matter of debt and credit, or demands in the nature of debt and credit, between parties. It implies that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation, of a public or private nature, created by law, or otherwise." See *Stringham* v. *Board, etc.* (1869), 24 Wis. 594; Bouvier's Law Dict.

A claim is defined to be: "In a juridical sense, a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty." Anderson's Law Dict. See Burrill's Law Dict.; *Prigg* v. *Pennsylvania* (1842), 16 Pet. *539, *615, 10 L. Ed. 1060. It is quite true that every account upon which a sum of money is, or is claimed to be, due to the person prosecuting it, is a claim, but every claim is not an account. An account must arise out of some contract or other relation between the parties. A claim may arise in the same manner, and it may also arise out of a tort.

The foundation of the action may be the work and labor done and the materials furnished, but the work and labor were not done nor the materials furnished by virtue of any contract, express or implied, between the appellant and appellee. When the company failed to build the fence after the statutory notice had been given, it must have known that the landowner might build it and

collect the cost. The purpose of the verified, itemized statement is to notify the company that the landowner has built the fence, and of the expense that has been incurred in building it. With this itemized statement the company has sixty days to investigate the correctness of the claim, and if not then paid the statute gives the landowner the right to sue and recover the reasonable value of the fence, together with reasonable attorneys' fees. When the landowner has complied with the statute he has a demand as of right against the company for the reasonable value of the fence built, and not a demand due him by virtue of his having complied with any contract, express or implied, between him and the company.

Further objection is made that the pleading does not show that the fence was placed upon the right of way as near as practicable to its outer margin. The averment is that "the plaintiff entered upon said right of way at the point where said real estate abutted on the same, and built a good, substantial post and wire fence on the lines dividing said real estate from said right of way, on both sides of said right of way where the same runs through said real estate."

By §§5323, 5324 Burns 1901, Acts 1885, p. 224, §§1, 2, construed together, the fence should be built on the margin, edge, or border of the right of way, as near as practicable to the line between the right of way and the abutting owner. *Chicago, etc., R. Co. v. Wood* (1903), 30 Ind. App. 650; *Evansville, etc., R. Co. v. Huffman* (1904), 32 Ind. App. 425.

It is clear that the landowner should not be permitted to build the fence away from the line on the right of way, and thus wrongfully deprive the company of part of its right of way. Even if the pleading be construed to mean that the imaginary line dividing the right of way and the abutting land passed through the center of each post, we could not say that there had not been

a substantial compliance with the requirements of the statute. It might still be said that the fence was on the edge or border of the right of way. Moreover, if one-half of the posts extended over on appellee's land he is the only person affected. Such construction of the fence could not injure the company. A fence so built would be none the less the property of the company. Keeping in view the purpose for which the statute was enacted (*Terre Haute, etc., R. Co.* v. *Salmon* [1903], 161 Ind. 131), we think it would be a technical and narrow construction of the statute to hold that the above averment makes the complaint bad against a demurrer.

In support of the motion for a new trial, it is argued that appellee was not entitled to recover an attorney's fee in the absence of proof that he had employed an attorney to enforce the collection of the cost of the fence. In *Terre Haute, etc., R. Co.* v. *Salisbury* (1906), 38 Ind. App. 100, the question here presented was decided against the position taken by appellant's counsel in this case.

Judgment affirmed.