## VANDALIA RAILROAD COMPANY *v.* MILLER.

[No. 6,693.   Filed February 17, 1910.]

1. RAILROADS.—*Rights of Way.—Erection of New Fence.—Repairs.—Complaint.—Paragraphs.—Answer.*—Where one paragraph of a complaint against a railroad company seeks to recover the cost of erecting a new fence along defendant's right of way, and another, for the cost of repairing a fence along such right of way, an answer alleging that the notices given to such company—one for erecting a new fence, the other, for repairing an old one— were for the same fence and were so confusing that defendant could not determine what the plaintiff wanted the defendant to do, is bad, the defendant being presumed to know whether a new fence should be built, or the old one repaired.   pp. 367, 368.

2. RAILROADS.—*Rights of Way.—Fences.—Statutes.—Construction.*—Sections 5448, 5449 Burns 1908, Acts 1885, p. 224, §§2, 3, requiring railroad companies to construct and keep in repair fences along their rights of way, are liberally construed together, and constitute a scheme to secure the fencing of railroad rights of way.   p. 369.

3. APPEAL.—*Harmless Error.—Admission of Evidence.*—The admission of evidence designed to show the line of defendant's railroad, which does not prejudice defendant's rights, is harmless.   p. 369.

From Clinton Circuit Court; *Joseph Claybaugh*, Judge.

Action by Emmaline Miller against the Vandalia Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Albert D. Thomas, Michael E. Foley* and *John G. Williams,* for appellant.

*Joseph Combs,* for appellee.

ROBY, J.—Appellee's complaint is in two paragraphs. The first one seeks to recover the cost of building a fence between the real estate of the appellee and the right of way of appellant railroad company, and a compliance is shown with the terms of §5448 Burns 1908, Acts 1885, p. 224, §2. The second paragraph counts upon a notice to repair a fence already constructed, and follows the terms of section three

of said act (§5449 Burns 1908). The sufficiency of each of these paragraphs is conceded. The appellant answered, in substance, that the cause of action set up in each of the paragraphs of the complaint, was for the recovery of the value of the same line of right of way fence, and that the notices served upon the defendant, as averred in the first paragraph of the complaint—to the effect that the defendant had failed to fence its right of way— relate to the identical right of way fence as that referred to in the second paragraph of said complaint, in which it is averred, in substance, that, several years before the date of the service of the notice referred to in the second paragraph, the defendant had constructed a fence along the side of its right of way where the real estate of the plaintiff abuts thereon, and that for some years prior to said date said company had failed and neglected to keep said fence in repair, and that the itemized account of the cost of constructing the fence in question, as set out in each paragraph of said complaint, is for the identical line of fence and for the same material and labor.

The court sustained a demurrer to this answer, and such action is assigned as error. The contention is that notice having been served upon it, as averred in each paragraph, the appellant was unable to know whether the landowner would proceed to build a new fence or repair the old one.

This contention ignores the primary duty which rests upon the railroad company in this behalf. It was appellant's statutory duty to build and maintain fences of a prescribed character along both sides of its railroad. It was bound to know whether it had built such a fence, and it knew whether a fence built had been maintained. The serving of notices could not make any difference in these facts. If no fence had ever been built, its duty was to build one. If a fence once built had fallen into decay until it had ceased to serve its purpose, it had only to make necessary repairs in order to make all notices immaterial.

The two sections are construed together, and furnish a complete statutory scheme to secure and maintain the fencing of railroads. *Terre Haute, etc., R. Co.* v. *Erdel* (1904), 163 Ind. 348; *Chicago, etc., R. Co.* v. *Croy* (1904), 33 Ind. App. 461. The act is remedial, and should be liberally construed to effectuate its purpose. *Evansville, etc., R. Co.* v. *Huffman* (1904), 32 Ind. App. 425.

A correct disposition was made of the demurrer. Appellant could not possibly be harmed by a notice to repair a fence that did not exist, nor by the joining of a paragraph of complaint upon which appellee was entitled to relief with one upon which she was not entitled to relief.

In support of the assignment that the court erred in overruling its motion for a new trial, appellant questions the admission of evidence designed to show the line of appellant's railroad. There was no substantial error in that regard. The evidence justified the finding that the fence was constructed on the line of appellant's right of way. *Vandalia R. Co.* v. *Stephens* (1906), 39 Ind. App. 11; *Evansville, etc., R. Co.* v. *Huffman, supra; Chicago, etc., R. Co.* v. *Wood* (1903), 30 Ind. App. 650.

The judgment is affirmed.