# JOLIFF ET AL. *v.* MUNCIE ELECTRIC LIGHT COMPANY.

### [No. 22,344. Filed May 20, 1914.]

1. EMINENT DOMAIN.—*Objections.*—*Sufficiency.*—Objections to the complaint of an electric company in proceedings to condemn land for a right of way, averring that the complaint does not state facts sufficient to authorize the court to appoint appraisers as sought, and that it does not set up sufficient facts to confer jurisdiction on the court for the purpose and objects set out therein, were properly overruled, since such objections must be specific and not general. p. 653.

2. EMINENT DOMAIN.—*Complaint.*—*Attempted Agreement of Purchase.*—*Burden of Proof.*—In proceedings for the condemnation of land for a right of way for the erection of an electric transmission line, the complaint should allege that plaintiff has been unable to agree for the purchase of the land or interest therein sought, and plaintiff has the burden of proving a good faith effort to purchase and inability to agree, hence overruling an objection averring that plaintiff failed, before the commencement of the action, to present to defendants any definite or tangible proposition on which an agreement as to damages could be reached, was harmless. p. 653.

3. EMINENT DOMAIN.—*Complaint.*—*Description of Land Sought.*—*Sufficiency.*—A description in a complaint to condemn land for an electric transmission line, so describing the land sought that a surveyor or skilled person can locate it, is sufficient. p. 654.

Joliff *v.* Muncie, etc., Light Co.—181 Ind. 650.

4. EMINENT DOMAIN.—*Complaint.—Description of Land Sought.—Sufficiency.*—Where the land sought to be condemned is described as bounded by a river, street, or public highway, the description is sufficient, and ordinarily it is also sufficient if the land is described as bounded by a railroad right of way. p. 654.

5. EMINENT DOMAIN.—*Description of Land Sought.—Sufficiency.*—In proceedings to condemn land for an electric transmission line, a complaint describing the land as a strip ten feet wide lying west of and adjoining a certain railroad right of way, and from which it appears that the land sought is not within an incorporated town or city, sufficiently describes the land as against an objection which fails to state that the land is unenclosed or unimproved, since, if enclosed and improved, it will be presumed that the railroad company obeyed the statute (§§5447, 5448 Burns 1914, Acts 1885 p. 224) by constructing and maintaining a fence on the line between its right of way and the land of the adjacent owner, and such fence would be a sufficient monument to enable a surveyor to locate the land sought. p. 655.

6. CORPORATIONS.—*Validity of Incorporation.—Collateral Attack.*—An objection that plaintiff in a condemnation proceeding is a subsidiary corporation acting in combination with other similar ones in pursuit of an unlawful monopolistic conspiracy in restraint of trade and to destroy competition, is a collateral attack on the legality of plaintiff's corporate existence, and is not permissible in such proceeding. p. 655.

7. EMINENT DOMAIN.—*Land for Electric Transmission Line.—Right to Use For Telephone Line.—Statutes.*—Under §8 of the act of 1907 (Acts 1907 p. 277, §5081 Burns 1914), an electric company has authority to operate a telephone line for its own use over the land taken by it for a right of way for its electric transmission line, as incidental to the proper discharge of its public duties in the operation of such electric transmission line. p. 656.

8. APPEAL.—*Review.—Harmless Error.—Overruling Objection to Complaint.*—There was no error in sustaining a demurrer to an objection challenging the right of plaintiff in an eminent domain proceeding to go on defendant's land, outside of and adjoining the strip appropriated, to cut trees, overhanging branches, etc., where no such right was sought by the complaint or conferred by the judgment appealed from. p. 657.

9. EMINENT DOMAIN.—*Land for Electric Transmission Line.—Statutes.*—Although §10 of the act of 1907 (Acts 1907 p. 277, §5081 Burns 1914), relating to the acquisition of land through eminent domain proceedings, as applied to electric companies, was limited to such companies as were organized to produce electricity by water power, the amendment of 1909 (Acts 1909 p. 276, §5083 Burns 1914), extended the powers and privileges to all companies "organized to produce electricity." p. 657.

10. APPEAL.—*Review.*—*Demurrer to General Demurrer.*—A demurrer to a general demurrer is frivolous, hence overruling a demurrer to objections to a complaint in a condemnation proceeding, construed by objectors as general demurrers to the complaint, did not involve a consideration of the complaint's averments, and a motion to set aside the submission, on the theory that such ruling in effect left the plaintiff with no complaint, was properly overruled. p. 657.

From Delaware Circuit Court; *James J. Moran,* Special Judge.

Action by the Muncie Electric Light Company against Joseph C. Joliff and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Wilbur Ryman, Joseph G. Leffler, Walter L. Ball* and *Albert E. Needham,* for appellants.

*White and Haymond,* for appellee.

MORRIS, C. J.—This was an action by appellee against appellants to condemn a right of way across appellants' lands. To appellee's complaint appellants filed thirty-one objections, to all of which, excepting Nos. 1, 4, 5, 6, 9, 10, 13, 16, 20, 21, 27 and 30, the court sustained a demurrer. On the issues formed by the remaining objections, there was a hearing resulting in a judgment for appellee, appointing appraisers, from which judgment this appeal is prosecuted. §933 Burns 1914, Acts 1905 p. 59. Errors are here assigned in sustaining the demurrer to the several objections above indicated, and in overruling appellants' motion to set aside the submission of the cause.

The complaint alleges that appellee is a corporation, organized under the laws of this State, and engaged in manufacturing, distributing and selling electric energy, and, pursuant to the authority of its charter, is engaged in the business of supplying certain named cities and towns, and the inhabitants thereof, and the general public, with electricity for light, heat and power, and that it intends to use the real estate described, for an electric transmission line

between the named cities and towns; that its plant for manufacturing electricity is in Muncie; that its transmission lines to said cities have been partly completed, and all the right of way therefor has been acquired by appellee except that over appellants' lands, and those of three other persons; that the right of way over appellants' lands sought to be appropriated, is a strip 10 feet wide lying west of, and adjoining, the right of way of the Fort Wayne, Cincinnati and Louisville Railroad, through the southwest quarter of southwest quarter of a designated section of land in Delaware County.

Appellee's right to condemn the lands in question is asserted under the provisions of §8 of the act of March 9, 1907 (Acts 1907 p. 277, §5081 Burns 1914), and §10, of the same act, as amended in 1909 (Acts 1909 p. 276, §5083 Burns 1914). By said §8 it is provided that condemnation proceedings authorized by the act shall be had under the provisions of the eminent domain act of 1905. §929 *et seq.* Burns 1914, Acts 1905 p. 59.

Appellants claim there was error in sustaining the demurrer to the second objection which avers that the complaint "does not state facts sufficient to authorize the

1. court to appoint appraisers as * * * sought" and also to the third which avers that the complaint "does not set up sufficient facts to confer jurisdiction on the court, for the purposes and objects set out in plaintiff's * * * complaint". There was no error in the court's ruling. Objections, in actions of this kind, must be specific, not general. *Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 329, 94 N. E. 406, 35 L. R. A. (N. S.) 646.

Error is predicated on the action of the court in sustaining a demurrer to the eighth objection which avers that

2. appellee, before the commencement of the action, failed to present to appellants any definite or tangible proposition on which an agreement could be reached as to the amount of damages. The statute requires the

complaint to allege that the plaintiff has been unable to agree for the purchase of the land or interest therein sought. The burden was on appellee to prove a good faith effort to purchase, and an inability to agree, without any objection. *Westport Stone Co.* v. *Thomas, supra,* 329; *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511, 76 N. E. 961, 77 N. E. 744, 9 Ann. Cas. 587.

It is claimed the court erred in sustaining appellee's demurrer to the fourteenth objection, which averred that there is no definite route described in the complaint, because the railroad company holds its right of way, not by deed or condemnation, but by prescription or adverse possession; that the boundary line of the right of way has never been fixed by agreement between the railroad company, and the adjoining landowners. It is not alleged that appellants' land is unimproved, or uninclosed, nor is there any allegation with reference to fences. In *Mull* v. *Indianapolis, etc., Traction Co.* (1907), 169 Ind. 214, 221, 81 N. E. 657, this court held, in a complaint to condemn land for an electric transmission line, that a description of the land sought, as lying "immediately north of, and adjoining the right of way" of a designated railway company, was sufficient on objection raised for indefiniteness. However, in the Mull case, it was not alleged, as here, that the railway company held its easement by prescription. A description of land, from which a surveyor or skilled person, may locate the tract, is sufficient. *Cleft* v. *Brown* (1884), 95 Ind. 53; *Darrow* v. *Chicago, etc., R. Co.* (1907), 169 Ind. 99, 81 N. E. 1081, and cases cited. Where land is described as bounded by a river, street or public highway, the description is sufficient. *Cleveland* v. *Obenchain* (1886), 107 Ind. 591, 8 N. E. 624; *Adams* v. *Harrington* (1887), 114 Ind. 66, 14 N. E. 603. In *Mc Donald* v. *Payne* (1888), 114 Ind. 359, a proposed highway was described as running "along the north line of said Michigan Central Railroad." Concerning this description,

this court said: "Ordinarily, the lines of a right of way of a railroad are as fixed and certain as are those of a public highway." In 1885 a statute was enacted requiring railroads to build fences on the lines dividing their rights of way from the lands of abutting owners; the act further authorized the abutting owners to construct such fences, at the railroads' expense, where the latter failed to comply with the provisions of the statute. Uninclosed and unimproved lands were excepted from the operation of the law. Acts 1885 p. 224, §§5447, 5448 Burns 1914; *Chicago, etc., R. Co.* v. *Wood* (1903), 30 Ind. App. 650, 66 N. E. 923. The complaint here shows that appellants' land is not within an incorporated town or city, and the objection fails to aver that the land is uninclosed or unimproved. If inclosed and improved, it must be presumed that the railroad company obeyed the law of 1885 and constructed a fence on the boundary line between its right of way and appellants' land, and has since maintained the fence. It was the duty of the one erecting the fence to place it on the boundary line. *Chicago, etc., R. Co.* v. *Wood, supra.* This duty existed regardless of whether the company's easement was held by deed, condemnation judgment, or prescription. A fence, erected under the mandatory provisions of the law, constitutes a monument sufficient to enable a surveyor to locate the boundary line. The objection was insufficient to repel appellee's demurrer.

The complaint alleges that it is appellee's intention to construct on the right of way sought, a telephone line for the exclusive use of appellee, to aid it in the operation of the proposed electric transmission line. In the seventeenth objection, appellants aver that at no time did appellee attempt to negotiate or agree with appellants for a right of way for the proposed telephone line. For the reasons stated in relation to the eighth objection, there was no error in sustaining a demurrer to the seventeenth. It is contended, the court erred in sustaining a demurrer

to the nineteenth objection, which avers that appellee is not a good faith corporation—that it is a subsidiary one acting in combination with other similar ones in pursuit of an unlawful monopolistic conspiracy in restraint of trade, to control the production of electric energy and increase the price thereof to the general public by preventing competition; that appellee, in combination with other like companies, has entered into a conspiracy to destroy competition in generating electricity in certain named cities and towns of Indiana. The objection is a collateral attack on the legality of appellee's corporate existence. Such attack is not permissible in an eminent domain proceeding. The validity of appellee's organization, or the exercise of its charter powers, legal on the face thereof, cannot be questioned collaterally. The proper remedy is by information in the nature of *quo warranto*. *State, ex rel.* v. *Portland, etc., Oil Co.* (1899), 153 Ind. 483, 53 N. E. 1089, 53 L. R. A. 413, 74 Am. St. 314; *Aurora, etc., R. Co.* v. *City of Lawrenceburg* (1877), 56 Ind. 80, 87; *Williams* v. *Citizens R. Co.* (1891), 130 Ind. 71, 75, 29 N. E. 408, 15 L. R. A. 64, 30 Am. St. 201, and authorities cited; *Richland School Tp.* v. *Overmeyer* (1905), 164 Ind. 382, 387, 73 N. E. 811, and cases cited; *Modlin* v. *State* (1911), 175 Ind. 511, 94 N. E. 826, Ann. Cas. 1913 C 669. The demurrer was properly sustained.

The twenty-third objection challenges the lawful power of appellee to operate a telephone line, for its own use, on the right of way sought. We are of the opinion that

7. §8 of the act of 1907, *supra,* authorizes the use of such line as incidental to the proper discharge of appellee's public duties in the operation of a high voltage electric transmission line. *Western Union Tel. Co.* v. *Rich* (1878), 19 Kan. 517, 27 Am. Rep. 159; 1 Lewis, Eminent Domain (2d ed.) §141a. There was no error in sustaining the demurrer to the objection.

The court sustained appellee's demurrer to objections Nos. 24 and 25, which sought to challenge the right of appellee

to go on appellants' premises, outside of, and adjoining the strip appropriated, to cut trees, overhanging branches, etc. No such right is sought by the amended complaint, on which the hearing was had, nor is such right conferred by the judgment appealed from. The original complaint did seek the right to cut trees, etc., on "the premises of the defendants adjoining the same (strip appropriated) on either side," but this clause was omitted from the amended complaint. Evidently the objections were prepared before the complaint was amended, and counsel for appellants overlooked the fact that the objectionable clause had been omitted from the amended complaint.

The twenty-sixth objection alleges that appellee is not authorized, by its charter, to appropriate appellants' land for the use sought. It appears that appellee's contention is based on §10, of the act of 1907, *supra*, which, before its amendment in 1909, limited the application of the provisions of the act to electric companies organized to produce electricity by water power. By the amendment of 1909 however (Acts 1909 p. 276, §5083 Burns 1914) the privileges and powers enumerated in the act were extended to all companies "organized to produce electricity." *Illyes* v. *White River Light, etc., Co.* (1911), 175 Ind. 118, 93 N. E. 670. By virtue of the amendment of §10, appellee is authorized to appropriate the land for the use it seeks, and the demurrer to the objection was properly sustained.

In appellants' thirty-one objections, covering twenty-one pages of their brief, appears much unnecessary repetition. Objections Nos. 20, 21 and 30 are construed by appellants as general demurrers to the complaint. The court overruled a demurrer to the three objections. After hearing the evidence submitted, appellants moved to set aside the submission on the ground that the court, by overruling appellee's demurrers to said objections thereby

in effect held the complaint insufficient, and, as no amended complaint was subsequently filed, it is contended that appellee had no complaint on file. A general demurrer to a general demurrer is as frivolous as a motion to strike out a motion, and overruling such demurrer did not involve a consideration of the complaint's averments. *Blemel* v. *Shattuck* (1893), 133 Ind. 498, 33 N. E. 277. There was no error in overruling appellants' motion to set aside the submission. Some other questions are presented, and have been considered, but we do not deem them of sufficient importance to warrant their discussion. There is no error in the record. Judgment affirmed.

NOTE.—Reported in 105 N. E. 234. As to proceedings to condemn property under the right of eminent domain, see 22 Am. St. 49. As to who may exercise power of eminent domain, see 40 L. Ed. U. S. 138. See, also, under (1) 15 Cyc. 859; (2) 15 Cyc. 853, 859; (3) 15 Cyc. 855; (6) 10 Cyc. 256; (7) 15 Cyc. 1024; (8) 31 Cyc. 358; (9) 15 Cyc. 600; (10) 31 Cyc. 273.