## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* CROY.

[No. 4,867. Filed June 30, 1904.]

RAILROADS.—*Fences.*—*Insufficient Fence.*—*Construction by Landowner.*—Where a fence along a railroad right of way was destroyed by fire and the railroad company after notice by the adjoining landowner to rebuild the

fence built a fence insufficient to turn stock, the action of the landowner in making such incomplete fence into a fence as the statute designates was not in the nature of repairs, under §5325 Burns 1901, but amounted in character to building the fence entire, and a recovery can be had therefor, under §5324 Burns 1901. *pp. 462–464.*

RAILROADS. — *Fences.—Construction by Landowner.—Notice.—Recovery.*—An itemized statement of the expense of the construction of the fence showing by indorsement thereon that it was presented to defendant's agent for payment more than sixty days before bringing an action against a railroad company to recover the cost of constructing a fence along the railroad right of way was sufficient to authorize the finding that the statement was presented to the company more than sixty days before the suit was brought. *pp. 464, 465.*

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Frederick Croy against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. C. Field, H. R. Kurrie* and *Thomas & Foley,* for appellant.

*M. W. Bruner,* for appellee.

ROBINSON, J.—Suit by appellee, commenced before a justice of the peace, to recover expenses incurred in constructing a fence along appellant's right of way. Appellant's railway line adjoins land owned by appellee. The fence on the division line was destroyed by fire, and on May 23, 1901, appellee served a written notice on appellant to rebuild the fence. After this notice was served, appellant, some time in June, 1901, built a fence, but the same was not sufficient and suitable to turn and prevent cattle, sheep, or hogs from passing from appellee's land to appellant's right of way. The fence remained in this condition until March 27, 1902, when a second notice was served upon appellant. No attention was paid by appellant to this notice, and in July, 1902, appellee made the fence theretofore constructed by appellant into a fence sufficient and suitable to prevent stock from passing to the right of way. After the work was done appellee presented to appellant's agent an itemized statement of the expense thereof, which

appellant failed and refused to pay for sixty days, after which this suit was brought.

The statute (§5323 Burns 1901) makes it the duty of railroad companies, within twelve months after that act was in force as to completed roads, and within twelve months from the completion of roads thereafter built, to construct a stock-proof fence, and thereafter maintain the same. Section 5324 Burns 1901 provides that, if the company fails to build such fence, the adjoining landowner may build it along his land, after giving the company thirty days' notice of his intention to do so, by serving it on the nearest receiving and shipping agent, and that the owner may recover the value of such work if the company fails to pay it within sixty days after a verified, itemized statement of the expense thereof has been given to such company. Section 5325 Burns 1901 provides for the repair of such fences by the railroad, and when and how the landowner may make such repairs and collect the expense thereof.

It is clear from these provisions that it was appellant's duty to maintain such a fence as the statute designates at the place in question. The old fence having been destroyed, it was the company's duty, within a reasonable time, to build another. If it failed to do so, the landowner might give the notice required, and, at the end of thirty days from the service of the notice, if the company had not built the fence, the landowner might do so. If, within the thirty days, the company did build a fence, but not such as the statute requires, at the expiration of the thirty days the landowner might proceed with the work. That is, the failure of the company to build such a fence as the statute designates would be equivalent to a failure on the part of the company to build any fence at all. And the act of the landowner in making this incomplete fence into such a fence as the statute designates would not be different in character from the act of the landowner in building the fence entire, where the company had failed to do anything. His act

would not be in the nature of repairs under §5325, *supra.* He would not be replacing the fence as it was, or restoring it after it had become dilapidated. Building a fence that was insufficient and unsuitable to turn stock, as the statute requires, is, in legal effect, a failure to build a fence, within the meaning of §5324, *supra.* Appellee could have proceeded to do the work, upon the facts found, without giving the second notice, and, in a suit to recover the expense, whether the work that had been done by the company was a compliance with the statute would be determined as any other question of fact.

The court found that appellee, on May 23, 1901, served a written notice on appellant; that the notice was served on Charles Wasson, appellant's freight receiving and shipping agent at Crawfordsville, who was at that time the nearest freight receiving and shipping agent of appellant to appellee's land, where the fence was to be constructed. It is urged that the evidence is insufficient to support this finding. Appellee testified that he served the notice upon Wasson, who read it, and said he would present it to the company; that he gave a copy to Wasson, who was appellant's agent at the station in Crawfordsville. It also appears in evidence that the land is about three miles from Crawfordsville. Appellant introduced no evidence upon the question of notice. As there was evidence that the notice was served upon the company's agent who said he would present it to the company, and as this evidence was unexplained and uncontradicted by appellant, we think the court might draw the inference that the notice was served as claimed, and that the question is clearly within the ruling in *Chicago, etc., R. Co.* v. *Woodard,* 13 Ind. App. 296.

A verified, itemized statement of the expense was introduced in evidence. This statement, dated July 29, 1902, showed by an indorsement that it was presented to the same agent for payment July 30, 1902. This suit was not brought until more than sixty days afterwards. The date

was in no way disputed, and we do not think it can be said that there is no evidence to authorize the finding that the statement was presented to the company more than sixty days before suit was brought. See *Chicago, etc., R. Co.* v. *Woodard, supra.*

Judgment affirmed.