Wabash, St. Louis and Pacific Railway Company

*v.*

Jacob Zeigler.

*Filed at Springfield Oct. 1, 1883—Rehearing denied January Term, 1884.*

Railroad—*liability for double value of fence built by owner—statute construed.* To entitle an owner of land over which a railroad is operated, to recover of the railroad company double the value of any fence built by him upon its neglect to do so on proper notice, the statute must be strictly followed, and the fence must be such as the statute requires, and be built in the mode the statute contemplates. The fence must be built on the sides of the railroad. If built two feet inside of the right of way this penalty can not be recovered. It is not held, however, that the fence may not be built entirely on the company's right of way, but in doing so it must be on the sides of the road.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the County Court of DeWitt county; the Hon. George K. Ingham, Judge, presiding.

Messrs. Moore & Warner, for the appellant.

Mr. R. A. Lemon, and Mr. F. M. Burroughs, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was an action brought by the adjoining owner, against the railroad company, under the statute, (Rev. Stat. 1874, p. 808, sec. 41,) to recover double the value of a fence built by such owner to fence his land from the railroad. There was judgment for the plaintiff for such double value, which was affirmed by the Appellate Court for the Third District, and on the proper certificate being made, the defendant appealed to this court.

The statute requires that every railroad corporation shall, within six months after its line is open for use, erect fences "on both sides of its road," and provides that on neglect to do so, the owner of the adjoining land, after having given thirty days' notice in writing to the railroad corporation to build the fence, and its refusal to build, shall have the right to enter upon the land and track of the railroad company, and may build such fence, and shall be entitled to double the value thereof from the corporation, with interest at one per cent per month.

The sole point presented for consideration is upon the place of building the fence. The Appellate Court certifies "that the proof in this case shows that the fence and gates in question, as built by the appellee, were intentionally built by him two feet inside the right of way of the appellant on each side of its railroad track. If this proof sustains the declaration, under the statute the finding of the court below is sustained by the evidence. If, on the contrary, the law requires the fence to be built on the line of the right of way, then the finding is not sustained. This court held, in deciding this case, that the law does not require the fence to be built upon the line, but may be built entirely on the railroad company's right of way, and the person building it recover under the statute under which this suit was brought." The railroad

20—108 Ill.

was entirely on appellee's land, and he built both lines of fence. The fence was a post and board fence. The declaration avers the fence was built "on both sides of said railroad."

To recover upon this penal liability of double the value of the fence, the statute should be strictly followed in the building of the fence. The fence should be such an one as the statute requires and authorizes, built in the mode the statute contemplates. Such a fence is one on the sides of the railroad. The fence in question was not built on the side of the railroad, but was intentionally built two feet inside the right of way,—two feet from the side of the road,—thus depriving appellant of four feet of its right of way, and appropriating the same to appellee's use by fencing it in with his own land. If appellee intentionally and of set purpose may do this, we do not see why he might not take in a yet greater number of feet, and where would be the limit short of the railroad's actual track? The railroad is entitled to the unobstructed use of its entire right of way, except so much as may be necessary for a fence. This same statute makes it the duty of all railroad corporations to keep their rights of way clear from all dead grass, dry weeds, or other dangerous, combustible material, etc. It should not be permitted to appellee, by fencing off a portion of the right of way, to make the performance of this duty more difficult and expensive to the railroad company. We do not hold that the fence might not be built entirely on the railroad company's right of way, but that in doing so it should have been built on the side of the road, and not, as it was in this case, two feet inside the right of way. To entitle to a recovery under this statute the fence must be built where the statute requires it should be—on the side of the railroad. It was not so built here.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*