# THE INDIANA AND ILLINOIS SOUTHERN RAILROAD COMPANY

## v.

## MARK SAMPSON.

*Railroads—Fences—Secs. 62, 65, 66, Chap. 114, R. S.—Notice—Form and Contents—Penalty—Arrest of Judgment—Damages—Instructions.*

1. The statutory penalty for failure by a railroad company to build a fence, may be recovered after notice by either the owner or occupant of the land in question and the building thereof by him.

2. While the notice should on its face show the right of the person giving the same to have it done, failing to do so, it is sufficient if the evidence shows that the same was given by the proper person.

3. A notice addressed to the company by its initials and served on its agent, is sufficient.

4. A notice need not insist that the fence be erected within the time prescribed by the statute.

5. The trial court can not arbitrarily change the rule of damages laid

down by the statute to apply where the land owner or occupant builds such fence, the company, after notice, failing to do so.

6. To recover the penalty, the plaintiff must show that the fence built by him conformed to the requirements of the statute and its cost.

7. A defendant, by pleading over after the overruling of his demurrer. waives the same.

8. A motion in arrest of judgment for any exception that might have been taken on arguing a demurrer, will not be considered after judgment thereon.

[Opinion filed August 29, 1889.]

APPEAL from the Circuit Court of Jasper County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. HARRAH & DAVIDSON and GIBSON & JOHNSON, for appellant.

Messrs. FITHIAN & JACK, for appellee.

PHILLIPS, J. Appellee sues to recover the penalty under Sec. 66, Ch. 114, R. S. 1887, for failure on the part of appellant to build a fence after notice by the owner of land through which the road passes. The notice prescribed by the statute can be given by the owner or occupant alone, to put the railroad company in the position of being liable to double the cost of building the fence after it is built by such owner or occupant. This notice does not purport to be signed by the owner or occupant. While we are of the opinion that the notice should, on its face, show the right of the person giving the notice, to have the company build the fence, yet the evidence in this record shows the notice was given by the owner and must therefore be held sufficient. It is urged that the notice was not directed to the appellant. The notice is directed to the "I. & I. S. R. R. Co." and was served on the agent of appellant; the notice to the corporation was sufficient as to the address of the corporation and service. It is further urged that the notice is defective in not requiring the company to build the fence within thirty days. The statute prescribes the time within which the fence must be built after

notice, and of that the corporation must take notice. It is not necessary for the notice to insist that the fence shall be built within thirty days.

By the second instruction given for appellee the court instructed the jury as to the duty of the railroad company as presented by the statute, and that where notice was given by the owner and the railroad company failed to build such fence, and the fence was built by the owner giving such notice, then the measure of damage as given by the court was: "Then you should find for the plaintiff in the amount you believe from the evidence such fence and gates are reasonably worth, with interest at one per cent. per month, as damages from the time such fence was built."

This instruction did not correctly state the rule of damage. The statute fixes the amount of recovery at double the cost with interest at one per cent. per month from the time such fence is built, until the time of recovery. The court can not arbitrarily change that rule of damage and prescribe another. While the appellant has not the right to insist on a reversal for this alone, yet the danger would result that verdicts would be more liable to be had in plaintiff's favor, where the person giving the notice had not complied with the requirement of the statute, if the rule be changed from its penal character to one of cost alone.

The motion in arrest of judgment, the overruling of which is assigned as error, questions the sufficiency of the declaration to support the judgment. The declaration is in case and has no averment of the kind of fence constructed, nor of the cost of building the same. By Sec. 62 of Chap. 114, R. S., railroad corporations shall, within six months after any part of its line is open for use, erect, and thereafter maintain fences on both sides of its road, or so much thereof as is open for use, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on such railroad. By Sec. 65, the corporation failing to build such fence, the owner or occupant of lands through or over which such railroad passes may give notice to the corporation to build such fence. On the failure to build such fence by the corporation, such owner

or occupant may build and recover double the cost with in.
terest at one per cent. per month. This statute is highly penal
and before a recovery can be had under it the plaintiff must
bring himself clearly within the provisions. Edwards v. Hill,
11 Ill. 22.

To recover upon this penal liability of double the value
of the fence, the statute should be strictly followed in the
building of the fence. . The fence should be such an one as the
statute requires and authorizes, built in the mode the statute
contemplates. W., St. L. & P. Ry. Co. v. Zeigler, 108 Ill. 304.

It is necessary to prove the fence built was such as railroad
companies were required to build by the statute. The record
shows that was done, and also shows the cost of building the
fence. By reason of a failure of the pleader to aver the
fence built was of the kind required for railroad companies to
build, or its cost, it was defective. It was demurred to and the
demurrer was overruled. The defendant pleaded over. By
doing so the demurrer was waived. " After judgment on
demurrer there can be no motion in arrest of judgment for any
exception that might have been taken on arguing the demur-
rer." Tidd's Prac., 918. By Sec. 6, Chap. 7, Starr & C. Ill.
Stats., "judgment shall not be arrested or stayed  *   *   *
for any mispleading, insufficient pleading, etc." The motion
in arrest of judgment can be of no benefit to this appellant.
The evidence was not objected to under the declaration on
trial; therefore we hold the motion in arrest of judgment
was properly overruled. While we are of opinion the action
should have been debt, still, under the record as made in this
case the judgment must be affirmed.

*Judgment affirmed.*