J. T. McNEAR *et al.*, Respondents, v. THE WABASH RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, November 10, 1890.

1. **Railroads:** FENCING: NOTICE. Section 2611, Revised Statutes, 1889, does not contemplate a notice to the railway company of the land-owner's intention to erect a fence where none has been built.

2. ———: ———: THREE MONTHS' COMPLETION. The statute only authorizes the land-owner to build, and places a liability on the railway company for such buildings, after the road shall have been completed ; and where there is no proof of such completion the action must fail.

3. ———: ———: STATUTE CONSTRUED : SIDES OF THE ROAD. The statute is penal and to establish a liability thereunder must be strictly followed. " Sides of the road " means on the dividing line between defendant's right of way and the land-owner's field. Where the testimony only shows that the fence was constructed inside the right of way, it is fatally defective.

*Appeal from the Boone Circuit Court.*—HON. W. A. MARTIN, Judge.

REVERSED.

*Geo. S. Grover,* for appellant.

( 1 ) In the absence of any proof connecting defendant with the Wabash Western Railway Company, the trial court could not assume that they were the same corporations, or determine as to what relation, if any, existed between them. *Southgate v. Railroad,* 61 Mo. 89. ( 2 ) The constable was not authorized by law to serve the notice, and, therefore, his return was not even *prima facie* evidence of the fact of service. *George v. Middaugh,* 62 Mo. 549 ; *Blodgett v. Perry,* 97 Mo. 263 ; Acts, 1885, p. 88 ; R. S. 1879, secs. 473, 474, 552, 748, 751, 2707, 3055, 3489, 3505, 3507 and 3508 ; R. S. 1889, secs. 596, 597, 738, 2527, 2530, 4445, 5495, 6342, 2017, 2020, 2022, 2029, 2033, 2034 and 2036 ; R. S. 1879, sec. 654 ; R. S. 1889, sec. 2380. ( 3 ) As the statute is penal, a strict compliance with all of its provisions must be shown in order to sustain a recovery. Acts of 1885, p. 88 ; *Barnett v. Railroad,* 68 Mo. 56 ; *State ex rel. v. St. Louis,* 67 Mo. 113 ; *State v. Railroad,* 75 Mo. 526 ; *Jefferson County v. Corran,* 54 Mo. 234 ; *Whiteley v. Platte County,* 73 Mo. 30 ; *Zimmerman v. Snowdon,* 88 Mo. 218. ( 4 ) As, the positive testimony in the case conclusively shows that the fence sued for was erected on the defendant's land, the plaintiffs cannot maintain this action. *Busby v. Railroad,* 81 Mo. 43 ; *Sparhawk v. Twichell,* 1 Allen ( Mass.) 450 ; *Kennedy v. Owen,* 131 Mass. 431 ; *Railroad v. Zeigler,* 108 Ill. 304.

No brief for respondent.

ELLISON, J.—I. This action is based on section 809, Revised Statutes, 1879, as amended by Acts, 1885, page 88, now section 2611, Revised Statutes, 1889. It is

to recover the value of a fence built by the land-owner along the side of the railway, as well as for an attorney's fee in the cause. Recovery was had below, and the defendant appeals, complaining here: *First*. No notice to build was served on defendant, "as required by the statute under which the suit was instituted." *Second*. There was no proof that the road had been in operation three months. *Third*. It did not appear by the proof that the fence was built on the sides of the road.

We will sustain the second and third of these objections, and overrule the first. The statute, upon which the action is brought, does not contemplate a notice to the railway company of the land-owner's intention to erect a fence where none had been built by the company. The notice required by such statute is of the intention to make repairs of a fence, already existing, the legislature doubtless assuming the company would know it had not built a fence, but might not be aware, in the absence of notice, of an existing fence being out of repair. The alleged defective proof and service of notice, therefore, worked no harm as none was required.

II. But the statute referred to only authorizes the land-owner to build, and only places the liability on the railway company for such building, after the road shall have been completed for three months. In this case, there is no proof whatever as to when the road was completed, and in this respect the case fails.

III. The third objection is fatal to the judgment. There is no proof that the fence was built on the "sides of the road," as required by the statute. The only affirmative testimony on this question shows that plaintiff constructed the fence inside the right of way. It was, therefore, not on the side of the road. "Sides of the road" means on the dividing line between defendant's right of way and the land-owner's field.

It does not, perhaps, mean that the whole fence may not be set on the right of way, but it does mean that the fence shall be substantially along the line. We have not been cited to a case in this state; but in Illinois the precise question was presented, and the supreme court said of it that: "To recover upon this penal liability of double the value of the fence, the statute should be strictly followed in the building of the fence. The fence should be such a one as the statute requires and authorizes, built in the mode the statute contemplates. Such a fence is one on the sides of the railroad. The fence in question was not built on the side of the railroad, but was intentionally built two feet inside the right of way, two feet from the side of the road, and appropriating the same to appellee's use by fencing it in with his own hand. If appellee intentionally and of set purpose may do this, we do not see why he might not take in a yet greater number of feet, and where would be the limit short of the railroad's actual track. The railroad is entitled to the unobstructed use of its entire right of way, except so much as may be necessary for a fence. This same statute makes it the duty of all railroad corporations to keep their rights of way clear from all dead grass, dry weeds or other dangerous, combustible material, etc. It should not be permitted to appellee, by fencing off a portion of the right of way, to make the performance of this duty more difficult and expensive to the railroad company. We do not hold that the fence might not be built entirely on the railroad company's right of way, but that in doing so it should have been built on the side of the road, and not, as was in this case, two feet inside the right of way. To entitle a recovery under this statute, the fence must be built, where the statute requires it should be, on the side of the railroad. It was not so built here." *Railroad v. Zigler*, 108 Ill. 304.

Our statute, while not imposing the same penalty as that of Illinois, is yet a penal statute and must be construed strictly. If one seeks its benefit and protection he must bring himself substantially within its terms. The judgment, with the concurrence of the other judges, is reversed.