## BOARD OF COMMISSIONERS ET AL. *v.* MANKEY.

[No. 4,334.    Filed May 1, 1902.]

HIGHWAYS.—*Repair of Free Gravel Roads.—Authority of County Commissioners.*—The board of county commissioners, acting as free gravel road directors, has no authority, in making repairs, to make substantial changes in the established grade of a free gravel road. *p. 57.*

SAME.—*Free Gravel Roads.—Repair by County Commissioners.*—The board of county commissioners under its authority to repair free gravel roads is not authorized to cut down a grade in one place in order to procure material necessary to make repairs at another place. *p. 58.*

SAME.—*Gravel Roads.—Repair of Bridge Approaches.*—Money from the free gravel road repair fund can not be used by the board of county commissioners in making repairs to the approaches to bridges. *p. 58.*

From Warren Circuit Court; *J. M. Rabb*, Judge.

Suit by John Mankey against the board of commissioners of Warren county and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*H. D. Billings* and *J. C. Stephens*, for appellants.
*C. V. McAdams*, for appellee.

ROBINSON, P. J.—Suit by appellee to enjoin appellants from cutting down the grade of an established free gravel road, and to set aside an appropriation of money made to pay for the work. The principal question presented by the pleading is whether the board of county commissioners, acting as free gravel road directors, may, in making repairs, substantially change the established grade of a free gravel road. Appellee owns lands along the road, and appellants, as turnpike directors, are threatening to cut down a certain hill in the road in front of appellee's lands a depth of six feet below the top of the grade as constructed, and to use for that purpose a sum of money appropriated by the county council from the gravel road repair fund.

It is claimed by appellee that it is not necessary, to restore and repair the road and place it in the same condition as when constructed, to cut the hill in any manner or to any extent. Appellants claim that because of the steepness of the grade, the surface waters wash away the gravel and render the road unfit for travel, and that, in order to keep it in repair without great and unreasonable expense, it is necessary to reduce the grade of the hill by cutting the same down to such an extent as appellants may find necessary, and that properly to maintain the road in repair, and for the purpose of getting dirt to place around the abutments of a bridge at the foot of the hill, it is expedient and necessary to reduce the grade of the hill to such an extent as appellants may find necessary when entering upon the work.

The management and control of free gravel, macadam, and free turnpike roads are vested in the county commissioners as a board of directors for all such roads in the county. They are given authority to do such acts, in the way of employing labor and purchasing material, as are necessary to keep the roads in repair. §6868 Burns 1901. And provision is made for a fund to pay the cost and expenses of such repairs. §6873 Burns 1901. See *Byram* v.

*Board, etc.,* 145 Ind. 240, 33 L. R. A. 476. It is true a discretion is vested in the board as to when and to what extent repairs shall be made. The question of the necessity and expediency of repairing the road is not a question to be determined by any judicial proceeding, but is wholly within the discretion of the board. But this discretion is as to the making of repairs only, and not the improvement of the road by practically reconstructing a portion of it. To repair is "to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." Webster. *Pittsburgh, etc., R. Co. v. City of Pittsburg,* 80 Pa. St. 72. *Weaver v. Templin,* 113 Ind. 298. A gravel road is supposed to be a permanent and lasting improvement, and complete provision is made by statute for the construction of such roads and for providing funds to pay the cost. §§6857, 6858, 6859, 6860 Burns 1901. If a completed road, or portions of it, should, for any reasons, need to be reconstructed or improved, the legislature must provide the method. No such authority is given the board as turnpike directors. They are authorized to make repairs only, that is, to bring the road back to its former state as nearly as practicable. The authority to repair does not carry with it the power to raise the grade of the road, or to lower it, no matter how much the improvement is needed. When they have restored the road as nearly as practicable to its former condition, they have exercised all the authority vested in them as to repairs. They may restore the road, but they can not materially change it. If the grade may be cut down in one place, it may be raised in another, and thus practically a new road constructed throughout its entire length, and paid for out of a fund expressly provided for making repairs. The board has no authority, in making repairs, to make any material departure from the original established grade of the road. *Board, etc., v. Gwin,* 136 Ind. 562, 588, 22 L. R. A. 402; *Western, etc., Co. v. Citizens St. R. Co.,* 128 Ind. 525, 534, 10 L. R. A. 770, 25

Am. St. 462; *Weaver* v. *Templin, supra.* See *Anderson* v. *Bement,* 13 Ind. App. 248.

Nor can it be claimed that the board, under its authority to repair, is authorized to cut down a grade at one place in the road in order to procure material necessary to make repairs at another place. The statute makes complete provision for obtaining, outside the road itself, all material necessary for making repairs. §6872 Burns 1901. In the repair of ordinary highways, the road supervisor is authorized to procure material for repairs outside the highway only when such materials can not be found on the roadway. §6830 Burns 1901. But no such provision is contained in §6872, *supra.* The legislature evidently did not contemplate that material for repairing a free gravel road could be found upon the roadway itself.

What has already been said applies, if placing dirt around the abutments of a bridge should be considered as repairs to the highway. But if the repairs were of the bridge itself or its approaches (*Turnpike Co.* v. *Board, etc.,* 72 Ind. 226; *State, ex rel.,* v. *Demaree,* 80 Ind. 519; *Board, etc.,* v. *Rushville, etc., Co.,* 87 Ind. 502), neither the board of county commissioners nor the board acting as turnpike directors would have any authority to make such repairs out of the gravel road repair fund. Complete provision is made by statute for the repair of all bridges in the county, and provision is also made for the funds out of which the cost of such repairs shall be paid. §§3275, 3276, 3277, 3282 Burns 1901. See *Board, etc.;* v. *Allman,* 142 Ind. 573, 39 L. R. A. 58. Although a bridge is constructed as a part of a free-gravel road, the duty of the board of commissioners to keep it in repair is the same as that respecting other bridges within the county. *Board, etc.,* v. *Mutchler,* 137 Ind. 140; *Board, etc.,* v. *Washington Tp.,* 121 Ind. 379. See §5594y Burns 1901, subdiv. 3 and 8.

As appellant, under the duty to repair, has no authority to change materially the established grade, it is unnecessary

in this case to inquire into what manner such change might be made, or whether a party whose property is consequentially injured by such change would be entitled to damages for the injury.

Judgment affirmed.