**WHITE, Mayor, et al. v. PERKINS.**

**No. 9898.**

Court of Civil Appeals of Texas. Galveston.

Oct. 20, 1933.

Rose & Sample, of Edna, for appellants.

J. W. Ragsdale, of Victoria, for appellee.

PLEASANTS, Chief Justice.

This appeal is from an order of the judge of the district court of Jackson county made in vacation granting appellee an injunction restraining the appellants, the mayor, members of the board of commissioners, and the city marshal, of the city of Edna, from preventing or interfering with appellee's making what he alleges are only repairs of a building owned by him and situated within the fire limits of the city of Edna.

The petition sets out in full the ordinance of the city establishing the fire limits and prescribing the character of buildings authorized to be constructed therein, and also sets out in detail the proposed repairs and changes he intends to make in the building and the extent to which he had proceeded in carrying out his contemplated repairs and changes in the building.

The petition further alleges that before he began to make such repairs and changes in his building he filed an application with the city authorities for a permit to repair the building in the manner and to the extent stated in his petition, and that such permit was denied by the city council.

The petition also attacked the city ordinance therein set out on the ground that it is void because of the provision of section 19, article 1, of the state Constitution, which prohibits the taking of the individual's property without due process of law, in that said ordinance denies appellee "the right of preserving his property and using it in such manner as to keep it fit for the purposes for which he acquired it, and for which he enjoys the use thereof."

There are several immaterial allegations in the petition charging, in effect, that appellee knew when he commenced to repair his property that there had been open and notorious violations of the fire ordinance which "was generally disregarded by the citizens of

the town, as well as by its officers, to such an extent as in law would amount to an abrogation of said ordinance on the part of the City of Edna, and (believed) that he could proceed to make the repairs on said building, and not be held amenable to said ordinance by reason of its theretofore non observance." The petition then proceeds:

"This applicant shows to the Court that the defendants are threatening to prosecute him for each and every day he works on said building in repairing the same, as herein outlined, and he verily believes they will so prosecute him unless restrained by an order not to do so by this Court.

"That said ordinance is an unreasonable one in so far as it restricts this applicant in his repair of said building, when same does not in any manner infringe upon the right of any other person in the free open enjoyment of his property and all privileges appurtenant thereto. And it is unreasonable as to its limitation to material to be used in building or repairing buildings within said city fire limits.

"That the repair contemplated does not amount to a reconstruction of said building and said ordinance is violative of article 1, § 19 of the Constitution in prohibiting said repairs.

"That your applicant will appeal from the conviction had against him in the Corporation Court of Edna, Texas, for a violation of said ordinance and on such appeal will raise and determine the constitutionality of said ordinance here complained of.

"Wherefore, premises considered, the applicant prays that this Court issue a restraining order restraining the defendants and each of them from further prosecuting this applicant under said ordinance and in view of the present condition of his building with the roof off of a part thereof resulting in great damage to him and which will continue and become even greater; he further prays that these defendants be restrained and enjoined from interfering with him in the repairs of his building along the lines herein described in order that he may complete said improvement."

This petition, which was duly verified by the oath of appellee, was presented to Hon. J. P. Pool, the judge of the district court, in chambers, on July 9th, and upon consideration thereof the judge indorsed thereon his fiat directing the clerk of the court to issue notice to each of the defendants to appear before the judge in the district court room at Edna, Tex., on July 12th at 9 o'clock a. m., to show cause why the injunction prayed for should not be granted.

The date of the hearing was subsequently changed by the judge, with the agreement of parties, to July 13th.

On the date last mentioned, the defendants appeared and filed answer to the petition, and the hearing proceeded. The answer of defendants contains a general demurrer, numerous special exceptions, a general denial, and special pleas. The nature of these special exceptions and pleas, in so far as may be deemed necessary in elucidating the questions discussed and decided in this opinion, will be hereinafter indicated.

This answer sought affirmative relief upon the following allegations:

"Defendants state that the ordinance pleaded by plaintiff was passed and enacted by the City Commission of the City of Edna, only after there had been a very destructive fire within said City and within the fire zone as established by said ordinance, for the purpose of decreasing the fire hazard and bringing about a decrease in the cost of fire insurance within such City and fire zone and that the enactment and enforcement of such ordinance has had such effect up to this time and will continue to have such effect in the future; that the 'fire zone' as in and by said ordinance established has within it much valuable improvements owned by private persons and it is unfair to them to permit a violation of the ordinance in question and the consequent increasing of the fire hazard and cost of fire insurance; that plaintiff has already put into the construction of the addition to his buildings considerable wood and combustible material and material not fire proof and if permitted to continue to complete such addition he will put into the construction of same much more inflammable and combustible material and material not fire proof and will thereby materially increase the fire hazard within such fire zone and such addition will thereby become a public nuisance; that besides the addition pleaded by plaintiff which he proposes to and will if permitted by this court add to his improvements, he will build a stairway of wooden material leading up to such addition from and within the rear room of his said improvements and will occupy the four rooms he proposes to add on to his second room as living quarters, in which he will cook his meals and provide heat for his comfort in cool weather; that the aforesaid ordinance and all its terms are authorized by statute, the Constitution of Texas, and by the general police power inherent in the Municipal Government of the City of Edna and no permit has been granted by these defendants or any of them in violation of the terms of said ordinance; that if it has been violated in any of its terms it has been without their permission or consent; and they say that its terms have never been abrogated. Defendants say that unless prevented by an injunction and restraining order of this court the defendant will proceed with the building of his proposed addition to the improvements on his land to the great and irreparable injury of the property owners of the City of Edna, particularly those

within the said fire zone, and unless required by order of this court to remove that part of his said addition already erected will permit same to stand as a public nuisance; that these defendants have never denied to him the right to repair his leaking roof complained of by him and do not now deny to him any such right, but they say that his plans as announced in his petition herein and as outlined by him and the man with whom he has contracted to do his work, contemplate and amount to much more than a mere repair of a leaky roof and contemplate the building and erection of an addition to a building of inflammable and combustible materials and material not fire proof not permitted by the ordinance of which he complains and which will increase the fire hazard within the fire zone of the City of Edna and constitute a public nuisance.

"Wherefore, premises considered, defendants pray the court that all the relief asked by plaintiff be denied him; that he be enjoined and restrained from completing the addition to his improvements commenced by him and be required by proper orders of this court to tear down and remove that portion of his addition to his said improvements already erected in violation of the ordinance of the City of Edna. These defendants pray judgment for their costs against plaintiff and for all relief, general and special, in law and in equity, to which they may be justly entitled."

The judge overruled the general demurrer and all of the special exceptions, save exception No. 1, which is in fact a special denial rather than an exception, and which the judge in effect refused to sustain in the judgment rendered on the hearing.

The judgment is as follows:

"The Court, after hearing the evidence offered in behalf of plaintiff and defendant, took said case under advisement and thereafter on July 19, 1932, finds and files in this case his findings of fact and from these findings of fact concludes on this July 19, 1932, as a matter of law that the plaintiff is entitled to the relief prayed for in his petition.

"It is, therefore, adjudged and decreed that the Clerk of this Court issue a Writ of Injunction to be served on each of the defendants in this cause, whereby they and each of them, the said E. D. White, as Mayor of the City of Edna, W. I. Marvin and Will Farquhar, as Commissioners of the City of Edna, and E. R. McDowell, as Marshall of the City of Edna, are hereby restrained from in any manner interfering with the plaintiff in the repairing of his building, in Edna, Texas, situate on parts of Lots 15 and 16, in Block 14, and fronting twenty feet on Clark Owen Street and running back between parallel lines one hundred feet.

"Such improvements, however, are to be made in absolute and strict conformity to the plans set out in plaintiff's petition, viz., the plaintiff is to remove the old slanting corrugated iron roof which covered the second room from the east end of said building and raising the same about four feet above the present north and south walls of said room and placing a gable roof of corrugated iron over same which said gable roof will not extend more than two to three feet above the gable roof now covering the front room of said building, which roof is likewise of corrugated iron. The wall supporting the roof above the present walls of room number two of said building will be of glass windows twenty-four in number and same shall inclose all the space above the present walls of said room number two, with the exception of possibly 18 inches, which space shall be inclosed by the best quality of galvanized iron. The interior of said room is to be covered with sheet rock.

"The defendants, and each of them, are further enjoined from prosecuting this plaintiff, W. E. Perkins, charging him with a violation of a city ordinance of the City of Edna in making said repairs on his said building herein set out.

"It is further ordered, adjudged and decreed that the defendants are not entitled to any of the relief prayed for in their cross-action in this case, and same is here accordingly denied them.

"All costs incurred in this behalf are adjudged against defendants for the collection of which execution may issue.

"To which judgment of the Court the defendants duly excepted, and in open Court give notice of appeal to the Court of Civil Appeals, 1st Supreme Judicial District of Texas, at Galveston, Texas. Fifty days allowed in which to file statements of facts and bills of exceptions.

"J. P. Pool,
"District Judge, 24th Judicial District
of Texas."

All of these proceedings were had in vacation when the judge was not sitting as a court for the district.

The fact findings and conclusions of law prepared by the trial judge, referred to in his judgment and made a part thereof, are:

That the plaintiff is the owner of the frame building described in the petition located on lots 15 and 16 of block 14 of the city of Edna. This building now fronts east on Clark Owen street, and extends back a distance of 100 feet; the frontage on Clark Owen street being 20 feet. This building is divided into three distinct rooms or units, all of which are connected and form one building. "The first room is used by the plaintiff as a sales room, he being a merchant, where his goods are exposed for sale. The second room is used by the plaintiff as a store room and sleeping apartment, and the third room is used by the plaintiff for the purpose of stor-

age and so forth. The first part of said building covered by the first room or the store room has a gable roof over the same, covered with sheet iron. The second room of said building is about 18 or 19 feet by 24 feet. The north and south wall of said second room extended up and above the roof of said second room, which has a slanting roof running from the wall of the first room towards the west at a fall from the east and to the west end of about three feet and this roof was built down between the north and south walls to a depth of about a foot from the first room to a depth of about 3½ feet at the west end of said second room. This roof was covered with sheet iron, but the same has become decayed and deteriorated and was uninhabitable for the purpose for which the plaintiff used the same. The roof of this second room as constructed formed a box character and anything falling on said roof would remain thereon by reason of the fact that the north and south walls of said room were a great deal higher than said roof, as hereinbefore found. The plaintiff's said building is situated wholly within the present fire limits of the City of Edna, as defined by ordinance passed by the City Council of the City of Edna, on September 23, 1930. This entire building so owned by the plaintiff had been owned by the plaintiff three or four years and for more than two years prior to the passage of said ordinance and had been used by him for the purposes hereinbefore found, prior to the passage thereof.

"The value of said building as it now exists and as it existed when said fire ordinance was adopted, is of the reasonable sum of $2,000.00.

"Plaintiff desired to repair said second room of said building by the removal of said old slanting roof and raising the same about four feet above the north and south wall of said building, as they now exist, and placing a gable roof over the same, with the same design as the roof on the first room, but about from two to three feet higher than the gable roof of said first building. The walls supporting said roof above the present north and south walls is to be inclosed with twenty-four glass windows and their frames and to be approximately 2½ feet high and above these windows a wall to be inclosed with the best quality of galvanized iron to the extent of 18 inches, approximately, and the roof to be covered by the best quality of galvanized iron. The solid parts of the interior of said room are to be covered with sheet rock and said interior is to be divided by two partitions running north and south, and east and west. The plaintiff in making said repairs and improvements to said second room of said building, desires to use the same as a sleeping porch and his sleeping quarters. The plaintiff is in bad health and his physician' advises that he sleep in the open or with as much air available to him as possible. Said repairs raise said roof about four feet above the present north and south wall of said room and such extension is entirely of glass and corrugated iron, except the window frames, which are of wood.

"That the plaintiff has contracted with a contractor to make said repairs and improvements for the sum of $425.00, the said contractor to furnish all of the material of grade and quality specified and do all of the labor at his cost and expense and to make and deliver to the plaintiff said repairs and improvements in a true and workmanlike manner.

"The repairs covered by said contract will decrease the fire hazard from what it was in its former state.

"The plaintiff applied to the Mayor of the City of Edna, through persons authorized to act for him, for a permit to make said repairs, which was refused and plaintiff was arrested for violating said fire ordinance and was fined in the Mayor's court the sum of One Cent (1¢) and all costs.

"The repairs and improvements covered by said contract which plaintiff desires to make on said second room of said building, are not one-half of the present value of said building, exclusive of the foundation.

"The repairs to said second room of said building does not amount to a substantial reconstruction of said building, as all of the four walls of said second room remain as originally constructed. No part of said building other than said second room is changed or molested and remain as originally constructed.

"Conclusions of Law.

"The general demurrer filed by the defendants in this case is overruled, to which the defendants except. Special exception 'I' is sustained, to which the plaintiff excepts.

"The only question necessary to be decided in this case is whether or not the improvements contemplated by the plaintiff amounts to a substantial reconstruction of the building. It will be seen from the findings of facts that the repairs and improvements contemplated by the plaintiff apply only to that part of the second room of said building.

"The City authorities of Edna had the power by Ordinance to create a fire zone and to prescribe the kind and character of buildings to be erected in said fire zone, from and after the passage of said Ordinance, and said Ordinance, in so far as this feature is concerned, is strictly in the exercise of the Legislative Grant to Cities and Towns like that of Edna. No Ordinance would be valid which would prohibit any citizen from repairing his building situated within said fire limits, which had been construed before the passage of said Ordinance, when and where such repairs did not exceed fifty per cent of the value there-

of. Article 1067 of the Revised Statutes, among other things, uses this language:

" 'And may prohibit the rebuilding or repairing of wooden buildings within the fire limits when the same has been damaged to the extent of 50% of the value thereof.'

"In the well considered case of Judge Cureton of Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810, page 812, 26 A. L. R. 1210, he uses the following language:

" 'The building having been lawfully erected before its locality was included within the fire limits, it could not, merely because of wooden construction, be condemned as a nuisance, nor could the right of repair be denied unless the repair should amount to a substantial reconstruction of the building.

" 'In so far as this ordinance denies the plaintiffs in error the right to repair their wooden building, lawfully erected prior to the inclusion of the territory in which it is located within the fire limits of the city, it takes their property without due process of law, and is null and void.

" 'Since it is clear that the owners of a building lawfully erected have a vested property right in the building, it necessarily follows that they have the right to repair the building so as to keep it fit for use. To deny this is to deny the enjoyment of the property right itself.'

"It seems clear to us that if the contemplated repairs by plaintiff to his building does not amount to a substantial reconstruction of said part of said building, then to deny him the right to make said repairs would be an invasion of his property rights.

"The Court having found as a matter of fact, that said room desired to be repaired, in its present condition, is more hazardous than it would be if the said repairs should be allowed to be made and such repairs would, in the opinion of this Court, materially reduce the fire hazard. The plaintiff has a right to make such repairs in order that the property may be susceptible of use, to which the plaintiff desires to put it. He had been using this room as his sleeping quarters and a storage room and this use is to be continued.

"The only difference between counsel for plaintiff and defendants in this case is as to whether or not, under the evidence, the contemplated repairs amount to a mere alteration of said building or is an addition thereto. In some of the decisions, a 'repair means to mend, add to or make over.' An alteration of a building is 'an addition to its height or to its depth or to the extent of its interior accommodations. It is distinguished from the word addition, in that the latter must be a lateral addition and occupy grounds without the limits of the building, to which it constitutes an addition.'

"The case of Crossman v. City of Galveston above quoted, is cited with approval in the case of Angelo v. Deutser (Tex. Civ. App.) 30 S.W.(2d) page 707. And it seems clear from the two decisions cited, taking into consideration the facts as found by me and applying the principles of law applicable thereto in the judgment of this Court, the plaintiff has the legal right to make the repairs contemplated, as the same does not amount to a substantial reconstruction of said building but an alteration thereof for the purpose of permitting the plaintiff to use his property for the purpose desired by him, and does not increase the fire hazard but decreases the same. That he is entitled to the relief prayed for, which is here now accordingly granted, and the defendants are respectfully denied the relief prayed for by them and judgment is here now entered, directing the Clerk of the District Court of Jackson County, Texas, to issue an injunction restraining the defendants and each of them, from interfering with the plaintiff in making any such repairs to said building strictly in accordance with the plans and specifications set out in the Findings of Facts, and that the defendants take nothing by their cross-action against said plaintiff."

■■ The hearing and judgment from which this appeal is presented was not a trial and judgment by the district court, and the findings of fact of the trial judge do not have the legal standing that such findings of fact are accorded when filed at the request of either of the parties on appeal from the judgment of a district or county court rendered by the judge of the court in a case submitted to the judge when the court is in session. But we can see no objection to the judge including such fact findings in his judgment, since, if such facts are supported by the evidence as shown by the statement of facts, and will support the judgment, an appellate court must presume that the judge found such facts to have been proven.

■■ By his first proposition appellant contends in substance that, since all the evidence in this case shows that plaintiff's proposed construction work upon the building in question "would have the effect of adding an extra story containing four living and sleeping rooms on top of the second room or unit of plaintiff's one story boxed and frame building situated in the 'fire zone' of Edna, and increase the height of such unit four and one-half to five feet to the eaves of the new roof with an additional increase in height from the eaves to the ridge of the new roof, the new construction cost to be $425.00 on a unit of the old building not worth over $600.00, and the proposed construction to be of combustible material not permitted, under the ordinance pleaded, within the 'fire zone' of Edna, the court erred in holding that such proposed construction was a mere repair of a leaky roof and not an addition to the building itself."

We think this proposition should be sustained. Sections 2 and 3 of the fire ordinance which is pleaded by plaintiff provides:

"Sec. 2: *Permit Required.* No wall, structure, building, or part thereof, shall hereafter be built, enlarged or altered, until a plan of the proposed work, together with a statement of the materials to be used, shall have been submitted to the Mayor of the City of Edna, Texas, who shall, if in accordance with the provisions herein contained, issue a permit for the proposed construction.

"Structures hereafter erected without permit or not in conformity with this ordinance shall be removed."

"Sec. 3. *Incombustible Material: Required within Fire Limits.* Every building hereafter erected, altered or enlarged within the fire limits, shall be enclosed on all sides with walls constructed wholly of stone, well burned brick, or reinforced concrete, and shall have the roof, also the roof and sides of all roof structure covered with incombustible material.

"All cornices shall be of incombustible material.

"NOTE: The purpose of this section is to prohibit the erection within the fire limits of wooden, ironclad, stucco, and veneer type buildings."

These provisions of the ordinance are clear and unambiguous, and expressly prohibit the construction, enlarging, or altering of any structure or building, or any part thereof, within the fire limits fixed by the ordinance, unless the mayor of the city, upon examination of the plans and a showing of the material to be used in the proposed building work, shall issue his permit for such construction.

The ordinance further expressly requires that all buildings erected, altered, or enlarged within the fire limits shall be inclosed on all sides with walls constructed wholly of stone, well-burned brick, or reinforced concrete, and shall have the roof and the sides of all roof structures covered with incombustible material. The purpose of the ordinance, as expressly declared in the note to section 3 above set out, is to prohibit the use of combustible material on the inside or outside of any building structure, whether it be a new building or the alteration or enlargement of an old building situate within the fire limits.

The passage of this ordinance by the city council was a valid exercise of police power conferred upon it by our laws, and the trial judge so concludes. It seems clear to us that the construction work proposed and being carried out by plaintiff upon a portion of his building, as shown by the facts found by the trial judge, is an alteration and enlargement of the building, not a repair of the building as originally constructed. As we read the evidence, the repairs necessary to protect and preserve the old building were only the construction of a new roof, which is but a small part of the alterations and enlargements plaintiff is undertaking to construct. The following quotations from authorities, which we think fully sustain our conclusions, are copied from 54 Corpus Juris, 394 and 395:

"*Repairing.* Any act of restoration to a former more perfect condition; the restoring of a decayed, injured, dilapidated, or partially destroyed building to a more or less sound, substantial state."

"(4) 3. *What Term Implies.* It involves the idea of something preexisting, the condition of which has been affected in one of the modes suggested; and presupposes something in existence to be repaired, or the existence of the thing to be repaired."

Under note 75 (b), 54 C. J. 395, we find the following notation from the case of Weaver v. Templin, 113 Ind. 298, 303, 14 N. E. 600:

"(b). 'Under authority to repair there can be no enlargement and improvement, except in so far as the work of repairing necessarily enlarges and improves.' "

In note 96 (a), 54 C. J. 397, appears a quotation from the case of Murphy v. Duffy, 46 R. I. 210, 124 A. 103, 105, reading as follows:

"(a) *Held not repairs.*—(1) Adding second story, providing two new school rooms in existing school building, held new construction and not repairs upon old building."

In note 44 (a), 54 C. J. 399, we find definitions as follows:

"(a) *Similar definitions.*—(1) 'To bring * * * back to its former state as nearly as practicable.' Board of Com'rs of Warren County v. Mankey, 29 Ind. App. 56, 63 N. E. 864, 865. (a) 'To restore to original condition as near as may be.' Sharp v. Quincy, etc., Ry. Co., 139 Mo. App. 525, 531, 123 S. W. 507."

Also in note 49 (a), 54 C. J. 399, is found the following quotation from Lovell v. Mt. Vernon, 215 Ky. 143, 284 S. W. 1025:

" 'To repair a building is to * * * restore it after injury or dilapidation, but not to enlarge or elevate it.' "

◾ We do not think our conclusion upon this question is in conflict with the opinion of our Supreme Court in the case of Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810, 812, 26 A. L. R. 1210. That case involved the question of the validity of an ordinance of the city of Galveston requiring the removal as a nuisance of all dilapidated buildings situate in the fire limits of the city. Our Supreme Court held, in substance, that the declaration in the ordinance that a dilapidated building was a nuisance did not lawfully make such building a nuisance unless the facts show the existence of conditions in

the building making it dangerous to the person or property of others, and that, in so far as the ordinance denied the owner the right to repair the building, it was invalid, and was in effect the taking of property without due process of law. No such questions are involved in this case. There has been no denial to appellee of the right to repair his building, but only a denial by the ordinance of the right to alter and enlarge it, and to use combustible material in making such alteration and enlargement. There is no evidence indicating that appellee could not repair his building and restore it to its former use without a violation of any of the provisions of the fire ordinance. The holding of the trial judge that the building as proposed to be altered and enlarged by the plaintiff would not make it a greater fire risk than its present condition may or may not be sound, but the judge was not authorized, on the facts of this case, to substitute his judgment upon this question for that of the mayor and the city council, in whom the law places this discretion.

We are also of opinion that the injunction issued by the judge under the disputed facts disclosed by the record can only be regarded as a temporary injunction, and as such could only have been lawfully issued by requiring the appellee to execute a bond as required by the statute. Article 4649, Vernon's Ann. Civ. St.

We further think that the judge could not in the vacation of his court render a final judgment perpetuating such injunction without violating the provisions of our Constitution and laws (Vernon's Ann. Civ. St. art. 2123; Const. art. 1, § 15) giving a litigant a right to a trial by jury upon all issues of fact which arise in the trial of a case. Roberts v. Munroe (Tex. Civ. App.) 193 S. W. 734.

It follows from these conclusions that the judgment of the trial judge should be reversed and judgment here rendered dissolving the injunction granted by the trial court. It also follows that the appellants are entitled to the temporary injunction asked for by their cross-action, and the trial judge should issue such injunction upon the execution of the bond required by the statute.

The issuance of such temporary injunction will fully protect the appellants, and no attempt to enforce the ordinance by a criminal prosecution of plaintiff for its violation pending a final judgment in the case will be necessary or proper, and the record indicates that no such attempt will be made. If occasion should demand such action, the district judge can fully protect the plaintiff from such prosecution pending a final judgment in the case.

Reversed and rendered.